# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK JONES, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21CV600 HEA** |
| | ) | |
| **CITY OF ST. LOUIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Sever and Bifurcate [Doc. No. 48]. Plaintiffs oppose the motion.  For the reasons set forth below, the Defendants' Motion will be denied.

## Facts and Background

Defendants' Motion requests the Court to order severance or separate trials for Plaintiffs' claims against each of the defendants named in their individual-capacity (collectively, individual defendants), citing Rule 21 of the Federal Rules of Civil Procedure in support. Defendants argue that because the claims against the individual defendants relate to discrete and unrelated events, maintaining all claims in a single proceeding will be prejudicial and therefore, separate, independent causes of actions are warranted.

Defendants, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, also request that Plaintiffs' *Monell* claims, alleging that the City has

unconstitutional policies or customs of depriving inmates of water in the St. Louis City Justice Center and spraying excessive mace on compliant inmates without warning, be bifurcated from Plaintiffs' other claims of underlying unconstitutional treatment. Defendants further ask the Court to stay discovery on the *Monell* issues and request that discovery be broken into two phases. The first phase would be to determine the individual defendant's liability, and the second phase, to determine whether Defendant City of St. Louis is liable under *Monell*.

After Defendants' Motion was filed, Plaintiffs filed a Second Amended Complaint, which alleges the following claims against the individual defendants in violation of the Fourteenth Amendment under 42 U.S.C. § 1983: excessive use of force claims against Defendants Sherry Richard and Javan Fowlkes for spraying Plaintiff Derrick Jones with an excessive amount of mace (Count I); Defendant Fowlkes for spraying Plaintiff Jerome Jones with an excessive amount of mace (Count II); Defendants Aihsa Turner, Direll Alexander, Bruce Borders and Fowlkes for spraying Plaintiff Darnell Rusan with an excessive amount of mace (Count III); Defendants Debra Willis and Jones for spraying Plaintiff Marrell Withers with an excessive amount of mace (Count IV); and Defendants Fowlkes and John Doe for shutting off water to detainees' cells, including Plaintiffs Derrick Jones and Jerome Jones (Count IX).

The *Monell* Claims are alleged in Count VI (Excessive Force/Mace) and Count X (Conditions of Confinement/Water Deprivation) against Defendant City of St. Louis.

The remaining counts are against Defendant City of St. Louis for the following: Class Actions claims under § 1983 (Counts V and XI); Class Action claim for violation of the Americans with Disabilities Act (ADA) (Count VII); and Plaintiffs' (Withers and Rusan) claim for damages for violation of the ADA (Count VIII). Plaintiffs' Motion to Certify Class is still pending, and Defendants have requested until June 3, 2022, to respond.

## Standard of Review

Rule 20(a)(1), Federal Rules of Civil Procedure, allows multiple plaintiffs to join in a single action if (i) they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (ii) "any question of law or fact common to all plaintiffs will arise in the action." The Eighth Circuit has provided a very broad definition for the term "transaction" on a case-by-case approach when construing Rule 20:

> Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried

in a single proceeding.

*In re Prempro Products Liability Litigation,* 591 F.3d 613, 620 (8th Cir.2010)
(citations omitted), quoting *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333
(8th Cir.1974) (in interpreting Rule 21, Courts look to Rule 20(a) for guidance);
see also, 7 Charles A. Wright et al., *Federal Practice and Procedure*, § 1653, at
415 (3d ed.2001) (explaining that the transaction/occurrence requirement
prescribed by Rule 20(a) is not a rigid test and is meant to be "read as broadly as
possible whenever doing so is likely to promote judicial economy").

Pursuant to 42(b) of the Federal Rules of Civil Procedure, "[f]or
convenience, to avoid prejudice, or to expedite and economize, the court may order
a separate trial of one or more separate issues…" The rules promote "entertaining
the broadest possible scope of action consistent with fairness to the parties; joinder
of claims, parties and remedies is strongly encouraged." *United Mine Workers of
America v. Gibbs*, 383 U.S. 715, 724 (1966). The discretion vests in the district
court to order separate trials or make such other orders that will prevent delay or
prejudice under Rule 20 and Rule 42(b). *Mosely*, 497 F.2d at 1332.

### Discussion

<u>Motion to Sever</u>

For Plaintiffs to join in a single action under Rule 20(a), two separate
requirements must be met.  Pursuant to Rule 20(a)(1)(B), some question of law or
fact common to all plaintiffs will rise in the action, which is undisputed here. The

issue arises under Rule 20(a)(1)(A), which requires Plaintiffs to assert a right to relief arising out of the same transactions or occurrences. Plaintiffs bring claims against the individual defendants under § 1983 for deprivation of their civil rights, specifically excessive use of force for spraying unnecessary amounts of mace and shutting off water to detainees' cells, alleging each was caused by the custom or widespread practice at the St. Louis City Justice Center. As noted by the Court's Order, dated January 13, 2022,[1] addressing Defendants' Motion to Dismiss, "The amended complaint alleges numerous instances of excessive macing and water deprivation, and clearly alleges that the practices are widespread and customarily used as forms of punishment at the Justice Center. Plaintiffs allege months of routine uses of excessive force and water deprivation intended to inflict suffering on detainees in violation of the Fourteenth Amendment." Although Plaintiffs have recently filed a Second Amended Complaint, the underlying factual basis remains and all but one of the charges against the individual defendants encompass at least two Justice Center employees who acted or were continuing to act together as a part of the alleged custom or widespread practice of using excessive force or deprivation of water, which would inevitably deprive inmates of their constitutional rights. "Absolute identity of all events is unnecessary." *Mosely,* 497 F.2d at 1333. Plaintiffs' claims raise out of the same series of transactions or

---

[1] This case was pending before Honorable Jean C. Hamilton on January 13, 2022.

occurrences and meet the requisites for joinder under Rule 20(a). Therefore,

Defendants' Motion to Sever will be denied.

        <u>Motion to Bifurcate</u>

        Embracing the spirit of 42(b) of the Federal Rules of Civil Procedure, the

Court is doubtful that the facts presented in this case would be so confusing that

the jury would misconceive the issues at hand. To bifurcate would cause

considerable inconvenience, and it would not expedite or economize the flow of

the case. *See* Fed. R. Civ. Proc. 42(b). The Court will deny Defendants' Motion to

bifurcate the *Monell* claims at this stage of the case and will not enter a stay of

discovery on the *Monell* claims as requested.

**Conclusion**

        Based upon the foregoing analysis, Defendants' Motion will be denied.

        Accordingly,

        **IT IS HEREBY ORDERED** that Defendants' Motion to Sever and

Bifurcate [Doc. No. 48] is **DENIED**.

        Dated this 19th  day of May, 2022.


                        _____

                     HENRY EDWARD AUTREY
               UNITED STATES DISTRICT JUDGE