UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Derrick Jones, Jerome Jones, and Darnell Rusan,<br><br>      PLAINTIFFS,<br><br>v.<br><br>City of St. Louis, et al.,<br><br>      DEFENDANTS. | Cause No. 4:21-cv-600-NCC |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS TO DEFENDANTS' INTERROGATORIES PROPOUNDED TO PLAINTIFF DARNELL RUSAN OR IN THE ALTERNATIVE TO DISMISS PLAINTIFFS' COMPLAINT

COME NOW Defendants, by and through undersigned counsel, and for their Memorandum in Support of Defendants' Motion to Compel Answers to Defendants' Interrogatories Propounded to Plaintiff Darnell Rusan Or In The Alternative To Dismiss Plaintiffs' Complaint state as follows:

On March 18, 2022, Defendants served their First Set of Interrogatories Directed to Plaintiff Darnell Rusan. See attached Exh. A.

On April 18, 2022, Plaintiffs served their Responses to Defendants' First Interrogatories asserting objections to Interrogatories 1, 2, 11, 12,13, and 14 based on, among other things, relevance. See attached Exh. A.

On June 24, 2022, at approximately 2:00 p.m. Shubra Ohne and Maureen Hanlon, attorneys for Plaintiffs and Lawrence Pratt and Adriano Martinez, attorneys for Defendants met, by telephone, in a good faith attempt to resolve the above-referenced discovery dispute. After reasonable efforts the parties were unable to resolve the outstanding discovery disputes.

## I. Defendants' Interrogatory No. 1

Defendants' Interrogatory No. 1(f) states:

1.      Please state:

\*\*\*

f.      Any other addresses at which Plaintiff has lived during the past five years:

Plaintiff's response to this interrogatory was:

ANSWER: Plaintiff objects to this Interrogatory on the grounds that some of the information it seeks (…, any addresses where Plaintiff has lived during the past five years) is not relevant to the claims or defenses at issue in this case. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad. Plaintiff further objects to this Interrogatory to the extent it seeks information already in Defendants' possession. Custody, or control, such as his… present address.  Subject to these objections, and without waiver thereof, Plaintiff states as follows:

See Exh. A, Interrogatory 1(f).

Plaintiff then provides only the address at which he was arrested for his current murder charge. See Exh. A, Interrogatory No. 1(f).

Plaintiffs' objections should be deemed waived as they lack the requisite specificity as required by Rule 33. The court in *Jones v. Am. River Transp. Co.,* 2020 U.S. Dist. LEXIS 246007 (W.D. TN 2020) reviewed discovery objections consisting of the following: "Objection. This Interrogatory is overly broad and may seek information which is protected, privileged, and not otherwise discoverable." *Id.* at *5. The court held that these objections violated the specificity requirements of Rule 33 and 34 Fed. R. Civ. Pro. *Id.* at *5. The court went on to hold: "Boilerplate objections are legally meaningless and amount to a waiver of an objection." *Id*. at *5 quoting *Sobol v. Imprimis Pharms., No. 16-14339*, 2017 U.S. Dist. Lexis 184478, 2017 WL 5035837 at *1 (E.D. Mich. Oct. 26, 2017). The same is true of Plaintiff's objections in the instant case. Merely claiming the information sought is irrelevant and overly broad fails to provide the requisite specificity required by Rule 33 Fed. R. Civ. Pro. and is waived.[1]

Further, answering interrogatories "subject to objection" likewise violates the specificity requirement of Rule 33 Fed. R. Civ. Pro. In ordering the offending party to supplement their discovery responses without objections, the court in *Michael Fergin v. Westrock Co.* 2017 U.S. Dist. LEXIS 197617 (D. Neb. Dec. 1, 2017) held:

---

[1] Plaintiff also claimed that information regarding his previous addresses is equally available to Defendants without explaining how exactly Defendants would have access to this information.

Simply stating that a response is "subject to" one or more general objections does not satisfy the "specificity" requirement, because, for example, it leaves the propounding party unclear about which of the numerous general objections is purportedly applicable as well as whether the documents or answers provided are complete, or whether responsive documents are being withheld.

*Id.* at \*12-\*13. (quoting *Liguria Foods, Inc. v. Griffith Labs, Inc.*, 320 F.R.D. 168,

187 (N.D. Iowa 2017).

Regarding relevance, the court in *Clark v. Unum Grp.*, 2021 U.S. Dist.

LEXIS 172083; 2021 WL 4134520 (D. S. Dak. Sept. 10, 2021) held:

Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy … encompass[es] any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. [Internal quotations omitted].

Id. at \*20.

Plaintiff's residency information is relevant under Rule 26 Fed. R. Civ. Pro.

as Plaintiff in the instant case asserts claims based on the conditions of his

confinement and, as a result, claims "pain, suffering, and emotional distress" as the

result. Doc. # 131, paras. 45-62, 73-76, 95-106, and 110.

181.   Defendants Turner, Alexander, Borders, and Fowlkes' actions were the direct and proximate cause of the violations of Darnell's constitutional rights and the damages suffered by Darnell, including pain, suffering, emotional distress, and injury.

Doc. #131, para. 118.

4

As such, Plaintiff's previous experiences with the criminal justice system and any incarcerations particularly are relevant to the issue of damages Plaintiff alleges and are relevant and discoverable.

In *Webb v. Jessamine County Fiscal Court,* 2011 U.S. Dist. Lexis 93136, 2011 WL 3652751 the plaintiff filed suit against a county detention center under §1983 for claims including Eight Amendment deliberate indifference to a serious medical need and claimed various physical and emotional damages as a result. Over the objection of the plaintiff, The court allowed admission of the plaintiff's criminal history at trial, a much higher standard of admissibility than at issue here. In doing so, the court held:

> Rule 404 also states this evidence may be admissible for other purposes provided it goes to the ultimate issue. This court agrees with Defendants that Plaintiff's feelings as to the jail and the criminal justice system experienced as a result of her previous criminal history is just such a purpose contemplated by the Rule. Thus, Plaintiff's previous criminal history could make it more or less probable that she felt mental anguish and extreme humiliation based on prior incarcerations at the JCDC.

*Id*. at *11.

As Plaintiff also refused to disclose to Defendants information regarding his prior incarcerations. Exh. A, Interrogatory 2. Knowing where Plaintiff previously resided allows Defendants the potential to search for information regarding Plaintiff's prior criminal history in jurisdictions and venues where Plaintiff has

previously lived. Thus, Plaintiff's prior addresses for five years is relevant and discoverable.

Further, even if Plaintiff subsequently discloses his prior criminal history Defendants are not required to accept Plaintiff's statements at face value. The information called for in Interrogatory No. 1 is relevant as it allows an opportunity to check the veracity of Plaintiff's answers as to his criminal history. Information related to Plaintiff's credibility are relevant and discoverable under Rule 26 Fed. R. Civ. Pro. See *Domino Two, LLC v. Auto-Owners Ins. Co.,* 2022 U.S. Dist. LEXIS 107358 (W.D. Mo June 16, 2022). As such, the information requested in Defendants' Interrogatory No. 1 is both relevant and discoverable.

## II. Defendants' Interrogatory No. 2.

Plaintiff likewise refused to provide discovery responses regarding his previous incarcerations and criminal history. Defendants' Interrogatory No. 2 states: "Identify all documents and describe your entire criminal record, including any pending cases or appeals, as well as current probations. For each state: …"

Plaintiff responded:

> **ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it seeks information already in the City's possession, custody, or control, and/or information that is publicly available. Plaintiff further objects to this Interrogatory on the grounds that it is vague, ambiguous, and confusing. For example, it asks Plaintiff to indent "all documents," without any apparent limitation as to subject matter or time period. Plaintiff also objects to this Interrogatory because it is

overly broad and not proportional to the needs of this case, including because it is not limited in time to the relevant time period of the past ten years or limited to crimes involving dishonest act or false statement, or punishable by death or more than one year of imprisonment, pursuant to Federal Rule of Evidence 609. Plaintiff further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses at issue in this case: Plaintiff's criminal record is irrelevant to whether Defendants violated his constitutional rights. Further, to the extent Defendants seek information about any juvenile adjudications, that information is confidential, irrelevant, and inadmissible pursuant to Fed. R. Evid. 609(d).

See Exh. A, Interrogatory 2.

Defendants assert that Plaintiff waived his objection to this interrogatory as well and is relevant for the reasons stated above.

Additionally, the information requested relative to Plaintiff's criminal history is also relevant as Plaintiff's entire claim is based on his uncorroborated version of events, thus Plaintiff placed his credibility directly at issue in this case. Discovery relevant to the issue of Plaintiff's credibility is relevant to Defendants' defenses against Plaintiff's claims as well.

In *Domino Two, LLC v. Auto-Owners Ins. Co.,* 2022 U.S. Dist. LEXIS 107358 (W.D. Mo June 16, 2022) the court held:

Facts bearing on the credibility of witnesses are relevant to the claims and defenses raised by the pleadings, and therefore are within the scope of discovery under Rule 26.

*Id*. at *3 [internal quotations omitted].

Plaintiff made factual allegations in his Third Amended Petition against Defendants claiming  excessive use of force by Defendants. Doc. #131, paras. 45-62, 175-181. In order for Plaintiff to succeed on his allegations he must plead and prove that Defendants exercised force on Plaintiff and that said force was unreasonable, given the totality of the circumstances. See *Wroblewski v. McKenna*, 2013 U.S. Dist. LEXIS 171548\*, 2013 WL 6328869. The only way Plaintiff can meet his burden is by virtue of his own testimony. As such, Plaintiff's credibility is a central issue in this case and information relating to his credibility or lack thereof is inherently relevant to Defendants' defenses and discoverable.

### III. Defendants' Interrogatories Nos. 11, 12, and 13.

Directly relevant to the issue of reasonableness of Defendants conduct relative to Plaintiff is Defendants' Interrogatory No. 11, which states:

> 11.   Did you strike Defendant Michelle Lewis or Aisha Turner with your body or any other object during the incident giving rise to your complaint?

See Exh. A, Interrogatory No. 11.

Likewise, Defendants' Interrogatory No. 12 states:

> 12.   Were you involved in any of the riots/disturbances which occurred during your confinement. If so, explain your involvement, including if you damaged any City property during the disturbance you were part of.

Finally, Defendants' Interrogatory No. 13 states:

13.     Have you ever struck or physically confronted a corrections officer during your confinement? If so, describe the circumstances in detail.

In response to each of these interrogatories, Plaintiff invoked his Fifth

Amendment right against self-incrimination and refused to answer.

See Exh. A, Interrogatories Nos. 11, 12, and 13.

Of particular relevance here, is the fact that Plaintiff is currently under

indictment for assault to both Defendant Aisha Turner and former Defendant,

Corrections Officer Michelle Lewis. See Exh. B. June 24, 2021 Grand Jury

Indictment, Cause No. 2122-CR00762, Twenty-Second Judicial Circuit, State of

Missouri.

Plaintiff presumes to accuse Defendants of conduct violating his civil rights

while refusing to answer questions about his own conduct that might be used

against him in the above-referenced criminal prosecution, but that would rebut

Plaintiff's own testimony as to his conduct and that of Defendants and support

Defendants' defenses.

*1 McCormick on Evidence* § 136, at 773-774 states:

> Arguably courts should be particularly willing to impose vigorous penalties such as dismissal where a civil plaintiff invokes the [Fifth Amendment] privilege, and thus uses the privilege's shield as a sword to force an unfair advantage. Fundamental notions of fairness are violated if a party comes into court seeking relief from another and then relies upon his privilege to conceal information that might defeat

his claim. A civil litigant's involuntary involvement in a lawsuit, in contrast, suggests that in fashioning a remedy for the litigant's invocation of the privilege more weight should be given that litigant's self-incrimination interests.

*Id*. at 773-774.

A similar case to the case at bar is *Serafino v. Hasbro, Inc.,* 82 F.3d 515, 518-19 (1st Cir. 1996). In the *Serafino* case, the plaintiff filed suit for wrongful termination based on retaliation. However, when the defendants propounded discovery regarding the plaintiff's criminal conduct while employed by the defendant and which defendant gave as the reason for his termination, the plaintiff asserted his Fifth Amendment privilege against self-incrimination.

The defendants asked that the plaintiff's claim be dismissed as a remedy to the disadvantage that the plaintiff's asserting the aforesaid privilege worked on the defendants. The court went on to hold that a balancing test consisting of three parts would determine if dismissal of a plaintiff's claim was appropriate. 1) whether the illegal conduct was central to the defendant's defense; 2) whether there was no effective substitute for the defendant's answers; and, 3) whether there is no adequate alternative to dismissal. *Id*. at 518.

The court held that dismissal of the plaintiff's claim was appropriate. It held that the plaintiff's refusal to answer questions about his conduct went directly to the defendant's defenses of having a non-retaliatory reason for the plaintiff's discharge. Further, the court held that there were not alternative means for the

defendants to obtain the information the plaintiff refused to provide in testimony. The court held, "Even if a paper trail might show some irregularities, it is a poor proxy for [the plaintiff's] testimony." *Id.* at 519. Finally,  the plaintiff offered no alternative to the plaintiff's testimony, less burdensome or otherwise.

The court then held *sua sponte* that a stay of the proceedings would work an undue hardship on the defendants. *Id.* at 519. See also, *Brown v. Ames*, 346 F. Supp 1176 (Dist. Ct. Minn. April 18, 1972). (Court held plaintiff either had to waive Fifth Amendment privilege or have his claim dismissed) and *Fletcher v. City of  Marshall*, 2019 U.S. Dist. LEXIS    12210. (W.D. Mo. January 25, 2019) (Plaintiff must chose his Fifty Amendment privilege or dismissal of his claim.

Plaintiff pled in his Third Amended Petition several allegations involving the conduct of Defendant Turner, former Defendant Lewis, and himself. However, Plaintiff makes no mention of striking or in any other way assaulting Defendant Turner or Lewis. Doc. #131, paras. 47-51. For Plaintiff to now assert his Fifth Amendment privilege regarding that very conduct goes to the heart of his allegations against Defendants and to Defendants' defenses to those allegations, namely that Defendants' conduct was reasonable in the totality of the circumstances. For these reasons, the court like the court in *Serafino*, should dismiss Plaintiff's complaint.

**IV. Interrogatory No. 14.**

In Interrogatory No. 14 states:

> 14. Have you ever made a phone call using another inmate's PIN identification number while confined? If so, state the date, number called and name associated with the PIN you used.

Plaintiff answered as follows:

> **ANSWER**: Plaintiff objects to this Interrogatory on the grounds that the information it seeks is not relevant to the claims or defenses at issue in this case. Plaintiff further objects to this Interrogatory on the grounds that it is unduly burdensome and disproportionate to the needs of the case.

Plaintiff has waived these objections for the reasons stated above. Further, Plaintiff puts at issue his use of the telephone in his pleadings. In Plaintiff's complaint he pled:

> 47. On December 19, 2020, Darnell was out of his cell to make a phone call during rec time. Lt. Turner yelled at him not to use the phone near her and an officer. Confused, he pulled his mask down and asked Lt. Turner, "Don't' you remember me?" Lt. Turner replied, "I remember who the fuck you are," and told him to walk away from them. At this point, Darnell immediately moved away from Lt. Turner and the other officer, and got on the phone with his sister.

48. Lt. Turner called over and told him to, "Put that damn mask on." He put the mask on but complained on the phone to his sister about Lt. Turner, because he had a feeling Lt. Turner was going to escalate the situation.

49. A correction officer told Darnell that he had a bad attitude, that he had to lock down for the rest of the day, and ordered him to hang up the phone.

50. But before he could hang up the phone, Lt. Turner was next to him and sprayed mace directly in his face.

Doc. #131, paras. 47-50.

Detainees are able to access the telephone by means of a code referred to as a PIN. Plaintiff makes specific allegations in his pleadings involving a conversation with someone on the telephone. All detainee telephone calls are recorded and indexed pursuant to detainee PIN numbers. If Plaintiff made a telephone call during the incident in question, but used another detainee's assigned PIN then it would be impossible to locate any recording that may exist of Plaintiff's subject telephone call. See Exh. C.

Further, any telephone calls wherein Plaintiff discuss the facts of this case are likewise relevant and discoverable.

Finally, Plaintiff fails to explain why answering this Interrogatory is unduly

burdensome or disproportionate to the needs of this case.

## CONCLUSION

For the reasons stated above, Defendants hereby pray the court dismiss

Plaintiff's complaint or in the alternative, stay this case pending resolution of

Plaintiff's pending criminal case.

Respectfully submitted,

SHEENA HAMILTON,
CITY COUNSELOR

By: /s/ Lawrence L. Pratt #41324
   Assistant City Counselor
   1200 Market Street
   City Hall Room 314
   St. Louis, Missouri 63103
   Phone: 314-641-8317
   Fax: 314-622-4956
   PrattL@stlouis-mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **July 11, 2022** the foregoing was filed electronically

with the Clerk of the Court to be served by operation of the Court's electronic filing

system upon all attorneys of record.

  /s/ Lawrence Pratt