UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK JONES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 4:21-cv-600 |
| | ) |
| CITY OF ST. LOUIS *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO COMPEL**

Plaintiffs have made multiple sincere efforts to confer with the City of St. Louis regarding its numerous discovery delays, some of which span over ten months. Since this Court's order denying Plaintiffs' first and second motions to compel as moot, the parties have conferred pursuant to Local Rule 3.04 three times. Plaintiffs' counsel has attempted to ascertain a timeline for production via countless emails and phone calls. Despite these efforts, the City has failed to provide overdue responsive records, is withholding relevant materials, and continues to withhold material information. Defendants' response has been to identify the limited records it has already produced, but partial production does not equal compliance and their withholding of material information has already hurt Plaintiffs' ability to litigate this case. Because of these actions, Plaintiffs seek an order from this Court compelling the City to provide complete and full discovery responses to Plaintiffs' Second and Third Sets of Requests for Production and First Set of Interrogatories within 21 days, and to pay for reasonable attorneys' fees incurred in the preparation of this motion, pursuant to Rule 37.

**RELEVANT BACKGROUND**

This Motion to Compel relates to Plaintiffs' Second and Third Sets of Requests for Production, and First Set of Interrogatories. Defendants' responses to these discovery requests are

1

attached hereto as **Exhibit 1** (Defendants' Responses to Plaintiffs' Second Set of Requests for Production), **Exhibit 2** (Defendants' Responses to Plaintiffs' Third Set of Requests for Production), and **Exhibit 3** (Defendants' Responses to Plaintiffs' First Set of Interrogatories). The subjects of the relevant requests include video footage of the use of force involving chemical agents (or OC spray) at the St. Louis City Justice Center ("CJC"), and use of force reports regarding such incidents. The requests also encompass records that Defendants previously agreed to produce in response to Plaintiffs' Third Requests for Production ("3rd RFPs"), but have failed to provide. Some of these records are expected to aid Plaintiffs in identifying the remaining Doe defendant, which was the subject of initial discovery requests served fourteen months ago.

Given the complexity of the nearly year-long discovery dispute regarding these discovery requests, Plaintiffs provide the Court with the following timeline of relevant events:

| June 29, 2021 | Plaintiffs serve First Requests for Production & First Set of Interrogatories (limited to identifying Doe defendants). *See* **Exhibit 4** ("1st ROGs"). |
|---|---|
| September 22, 2021 | Plaintiffs serve Second Set of Requests for Production. *See* **Exhibit 5** ("2nd RFPs"). |
| October 29, 2021 | Plaintiffs serve Third Set of Requests for Production. *See* **Exhibit 6** ("3rd RFPs"). |
| November 19, 2021 | Plaintiffs send Golden Rule Letter RE 1st ROGs. *See* **Exhibit 7**. |
| November 30, 2021 | Plaintiffs send Golden Rule Letter RE 2nd RFPs. *See* **Exhibit 8**. |
| December 9, 2021 | The parties meet & confer by phone. |
| December 15, 2021 | Plaintiffs send letter RE duty to supplement RE 2nd RFPs and 3rd RFPs. *See* **Exhibit 9**. |
| December 21, 2021 | Plaintiffs file motion to compel regarding Doe and *Monell* discovery. Doc. 46. |
| January 21, 2022 | The parties meet & confer by phone. |
| February 10, 2022 | The parties meet & confer by phone. |

| | |
|---|---|
| February 16, 2022 | Plaintiffs file second motion to compel, regarding Plaintiffs' 3rd RFPs. Doc. 62. |
| April 6, 2022 | Court denies Plaintiffs' motions to compel as moot, and orders the parties to confer on Plaintiffs' 3rd RFPs. Docs. 84-85. |
| April 21, 2022 | The parties meet & confer in person. |
| May 3, 2022 | The parties have a status conference with Judge Autrey. In this status conference, Defendants represent that they plan to produce certain documents (discussed more fully below). |
| May 24, 2022 | Plaintiffs email Defendants requesting timeline for production of records discussed at April 21, 2022 meet and confer (and responsive to Plaintiffs' 3rd RFPs). **Defendants' counsel do not respond.** *See* **Exhibit 10**. |
| June 2, 2022 | Plaintiffs email Defendants requesting timeline for production of records responsive to 2nd RFPs and 3rd RFPs. **Defendants' counsel do not respond.** |
| June 14, 2022 | The parties meet & confer by phone. |
| June 16, 2022 | Plaintiffs email Defendants to memorialize June 14 meet and confer. **Defendants' counsel do not respond.** *See* **Exhibit 11**. |
| June 30, 2022 | Plaintiffs again email Defendants to memorialize June 14 meet and confer. Defendants confirm they are standing on their objections regarding Plaintiffs' 2nd RFPs (No. 1) and 3rd RFPs (Nos. 33 & 40), but do not otherwise respond to the memorialization, and do not provide a timeline for production. |
| July 14, 2022 | Plaintiffs again email Defendants regarding Defendants' outstanding responses to Plaintiffs' 2nd RFPs and 3rd RFPs. **Defendants' counsel do not respond.** |
| July 28, 2022 | Plaintiffs again email Defendants regarding Defendants' outstanding responses to Plaintiffs' 2nd RFPs and 3rd RFPs. **Defendants' counsel do not respond.** *See* **Exhibit 12**. |
| August 4, 2022 | Plaintiffs again email Defendants to request a date for production of records responsive to Plaintiffs' 3rd RFPs, about which the parties conferred at least four times. Defendants' counsel responds only: "Thank you for your email. It has been received." |
| August 17, 2022 | Plaintiffs again email Defendants to request a date for production of records responsive to Plaintiffs' 3rd RFPs. **Defendants' counsel do not respond.** |

Pursuant to Local Rule 3.04, Plaintiffs' counsel confirm they have repeatedly conferred in good faith by telephone, and in person, with Defendants' counsel, as follows:

| *Date & time of conference* | *Plaintiffs' counsel present* | *Defendants' counsel present* | *Method of conferring* | *Subject of conference (to extent relevant to this motion)* |
|---|---|---|---|---|
| December 9, 2021 at 2:00pm | Shubra Ohri, Maureen Hanlon | Katherine Dierker, Adriano Martinez | Phone | Plaintiffs' 1st ROGs, 2nd RFPs, 3rd RFPs |
| January 21, 2022 at 2:00pm | Amy Breihan, Shubra Ohri, Pat Mobley, Maureen Hanlon, Brittney Watkins | Adriano Martinez | Phone | Plaintiffs' 3rd RFPs |
| February 10, 2022 afternoon | Shubra Ohri | Katherine Dierker, Adriano Martinez | Phone | Plaintiffs' 1st ROGs, 3rd RFPs |
| April 21, 2022 at 2:00pm | Amy Breihan, Shubra Ohri, Maureen Hanlon | Adriano Martinez | In person | Plaintiffs' 1st ROGs, 2nd RFPs, 3rd RFPs |
| June 14, 2022 at 12:00pm | Shubra Ohri, Maureen Hanlon | Adriano Martinez, Larry Pratt | Phone | Plaintiffs' 1st ROGs, 2nd RFPs, 3rd RFPs |

Despite these good faith efforts, counsel are unable to reach an accord regarding Plaintiffs' 2nd RFPs, 3rd RFPs, and Interrogatory No. 3. To avoid further delay and ensure the case adheres to the current case management order, Plaintiffs file the instant motion to compel Defendants' full and complete discovery responses.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The standard for discoverability is liberal. See *Bartis v. Biomet, Inc.* 2021 WL 2092785, at *1 (E.D. Mo. May 24, 2021). Relevancy in this context "is to be broadly construed...it encompasses any matter that could bear on, or that reasonably could

lead to other matter that could bear on, any issue that is or may be in the case." *Spring Lake Pork, LLC v. Great Plains Mgmt., LLC*, No. 2:19-CV-18 HEA, 2021 WL 3051902, at *2 (E.D. Mo. July 20, 2021) (citation and quotation omitted). A party may move to compel discovery where another party fails to respond to a discovery request or where the response is evasive or incomplete. FED. R. CIV. P. 37(a)(3)(4).

> The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for "(d)elay and evasion are added burdens on litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice."

*Dependahl v. Falstaff Brewing Corp.*, 84 F.R.D. 416, 419–20 (E.D. Mo. 1979), *aff'd*, 653 F.2d 1208 (8th Cir. 1981) (quoting *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 241 (8th Cir. 1977)).

Aligned with those values, Rule 37 permits a court to impose sanctions where a party does not properly respond to a request under Rule 34. FED. R. CIV. P. 37(d)(1)(A)(ii). In addition to the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi), "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3) (emphasis added). That the requests are objectionable is not sufficient grounds for failing to comply with the Rules. FED. R. CIV. P. 37(d)(2). Further, in the Eighth Circuit, "bad faith is not necessary for a court to impose sanctions." *Lapidus v. Life Ins. Co. of N. Am.*, No. 4:18-CV-01291-JCH, 2019 WL 2525648, at *2 (E.D. Mo. June 19, 2019) (citing *Stevenson v. Union Pacific R. Co.*, 354 F.3d 73, 745 (8th Cir. 2004)).

## ARGUMENT

### I. Plaintiffs are entitled to *Monell* discovery regarding the use of chemical agents at CJC.

Two of the requests for production that are the subject of this motion focus on potential evidence relevant to Plaintiffs' *Monell* and class-wide claims: Plaintiffs' 2nd RFPs, No. 2 (which asks for video recordings showing OC spray being deployed at CJC), and Plaintiffs' 3rd RFPs, No. 33 (which asks for use of force reports related to the use of OC spray at CJC). Defendants previously objected to providing records responsive to these requests because of their motion to sever, bifurcate, and stay *Monell* discovery. *See* Doc. 98 at ¶ 2(b); *see also* Transcript of May 3, 2022 Status Conference ("Transcript"), **Exhibit 13**, at 14:17-16:19. Defendants represented to this Court that if that motion were denied, they would produce "what is relevant [and] proportional." Transcript at 14:17-16:19. That Motion was denied on May 19, 2022. Doc. 112. Defendants still have not produced any responsive video footage or use of force reports.[1] For the reasons discussed below, they should be compelled to do so.

**A. Plaintiffs are entitled to video recordings showing the use of chemical agents at CJC from 2019 through present.**

Plaintiffs' 2nd RFPs, No. 2, asks Defendants to produce video recordings of jail staff using chemical agents against people detained at the City Justice Center over less than a three-year time period. Exh. 5 at 1.[2] This discovery is directly relevant to Plaintiffs' claims that the City has a pattern and practice of using chemical agents in an unconstitutional manner at the CJC. **The 2nd**

---

[1] Indeed, the *only* use of force reports Plaintiffs have acquired documenting the use of OC spray at CJC were obtained through a Sunshine request submitted to the City of St. Louis. *See supra* at 11.
[2] The full Request No. 1 is for: "Any and all audio, visual, or audio-visual recordings that shows, in part or whole, one or more correctional staff member deploying a chemical agent on a detainee at the City Justice Center." At the parties' meet and confer conference, Plaintiffs agreed to limit this Request to the time period of 2019 to present.

6

**RFPs were served on September 22, 2021—nearly one year ago—but Defendants still have not produced this *Monell* evidence.**

Despite Plaintiffs' narrowing of the time period of Request No. 2, Defendants continue to withhold responsive records, except for those that relate to the specific incidents involving the four named Plaintiffs and described in the Complaint. Defendants object that this Request is not limited in time or scope, burdensome, and does not state dates, individuals, or locations for potential videos. These objections are meritless.

The Request *is* limited in time and scope. At one of the parties' several meet and confer conferences regarding the 2nd RFPs, Plaintiffs agreed to limit this request to the time period of 2019 through present. As drafted, the Request is limited by both subject, to recordings that show use of chemical agents, and by location, to CJC. Defendants do not explain what is burdensome about this request, instead relying upon improper boilerplate objections. *See SI03, Inc. v. Musclegen Rsch., Inc.*, 1:16-CV-274 RLW, 2020 WL 6544261, at *3 (E.D. Mo. Nov. 6, 2020) (boilerplate objections are not proper); *Vallejo v. Amgen, Inc*., 903 F.3d 733, 743 (8th Cir. 2018) (citation omitted) ("A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required."). Their opposition to Plaintiffs' prior motion to compel provides no evidence in support of this burdensome objection. *See* Doc. 53 at 8-9 (addressing Defendants' purported concerns regarding burden).

Defendants contend Plaintiffs cannot provide details as to the dates or names of detainees to narrow this request. That information is in Defendants' possession. Nonetheless, in an attempt to facilitate production, Plaintiffs identified over 100 specific dates, culled from use of force reports Plaintiffs obtained through open records requests, where chemical agents were deployed

7

at CJC, and requested Defendants produce recordings of those incidents. *See* Doc. 47 at 5; *see also* Doc. 47-6. Plaintiffs have already explained to this Court and opposing counsel the relevance of these records (including at no fewer than four meet and confer conferences). For the sake of brevity, Plaintiffs incorporate those arguments by reference here, rather than repeat them again. *See* Doc. 47 at 11-14.

At the May 3, 2022 status conference with the Court, defense counsel confirmed they have video footage of the use of OC spray at CJC, but are withholding that footage because of their belief that it is not proportional to the needs of the case. Transcript at 14:17-16:17. Defendants claimed the discovery was not relevant at the time because of their pending motion to sever, bifurcate, and stay *Monell* discovery. *Id*. Defense counsel represented to the Court that it would produce video recordings when that motion was denied. Transcript at 16:6-15; *see also id*. at 16:17-19 ("I am working to put these documents together, so in the event the Court denies our motion, we will hand over what is relevant proportional.").

That Motion was denied over three months ago. Doc. 112. Yet Defendants still have not produced a single video recording of a use of force at CJC involving OC spray against a detainee other than videos of the four named plaintiffs. Defendants have produced *no* video evidence relevant to Plaintiffs' *Monell* and class-wide claims. Keeping in mind the Court's instructions at the parties' last status conference, Plaintiffs have tried every method possible to communicate with Defendants to avoid bringing this matter to the Court. But what we have here is a failure to participate. Defendants should be ordered to produce these video recordings without delay.

**B. Plaintiffs are entitled to use of force reports relating to the use of OC spray on people detained at CJC.**

Plaintiffs' 3rd RFPs, No. 33, asks Defendants to produce use of force reports related to the use of chemical agents at CJC. Over the course of various meet and confer conferences, Plaintiffs

agreed to limit this Request to the time period of 2017 to present. This approximate five-year time period mirrors the statute of limitations for Section 1983 claims. *See Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) (holding Missouri's five-year statute of limitations for personal injury claims apply to Section 1983 claims).

Despite Defendants' representations to the Court at the May 3, 2022 status conference that they would produce these records if the Court denied their motion to sever (Exh. 13 at 16:6-19), Defendants refuse to produce use of force reports *except* those involving the named plaintiffs or named defendants. Their objections to this Request are addressed in turn below. Both should be overruled.

*First*, this Request is not "impermissibly vague." Defendants do not identify any specific terms or phrases within the Request that are vague or confusing. The term "use of force reports" is one used by the parties since the inception of this case, as well as those who have been deposed thus far in the case, is contained within Defendants' own policies, and has never been a point of confusion. The terms "CJC," "chemical agents," and "force" are all defined in the definitions section of the 3rd RFPs. *See* Exh. 6. Even the phrase "relate to" is defined within the 3rd RFPs. *Id*. Simply put, there is no substance to support this boilerplate objection.

*Second*, this Request is proportional to the needs of the case. When considering whether a discovery request is proportional to the needs of the case, the Rules advise that parties consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). The benefit of these use of force reports significantly outweighs any burden the City might bear in producing the records. Given the importance of the issues at stake in this case, the parties' relative access to relevant information, and the importance of this

9

discovery in resolve the issues, Defendants should be compelled to produce use of force reports related to the use of chemical agents at CJC, from 2017 through present.

A custom under *Monell* is demonstrated, in part, by showing the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees. . . ." *Ware v. Jackson Cty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (quotation marks and citations omitted); *see, e.g., Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) ("Evidence that a police department has failed to investigate previous incidents similar to the incident in question may support a finding that a municipal custom exists, and that such a custom encourages or allows officers to use excessive force without concern for punishment."). Because of these well-established principles of law, evidence of previous incidents similar to those in the complaint is a foundational and regular part of *Monell* discovery. *Leonard v. St. Charles County*, 4:19-CV-927-RLW, 2020 WL 3605625, at *3 (E.D. Mo. July 2, 2020) (ordering St. Charles County to produce information "related to any claims of unreasonable physical force, pepper spray, turning off cameras, failure to timely take inmates for their initial appearance before a judge, improper medical screening, failure to communicate medical conditions to other staff, failure to allow inmates to make their telephone call" for the past five years). This includes previous incidents of unconstitutional force beyond the force used on Plaintiffs. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir. 2013).

CJC staff are required to complete a use of force report every time OC spray is deployed at CJC. *See* Policy No. 3.1.21, Use of Force, attached hereto as **Exhibit 14**, at Section IV(C). CJC policy requires that these reports be prepared close in time to the incident in question. Exh. 14 at Section IV(E). In some instances, these reports will indicate whether handheld video footage of the incident has been retained. In every instance, the use of force report is required to identify all

officers involved in the incident and witnesses to the event. These use of force reports are thus probative evidence that go to the heart of Plaintiffs' *Monell* and class-wide claims related to the unconstitutional use of OC spray at CJC. Plaintiffs could not gather this same information through other means, except by interviewing every person who was detained at CJC during this time period to see whether they survived an assault by chemical agents. In sum, the burden or expense of producing these records does not outweigh the importance of these records.

Defendants provide little information by which to judge the burden or expense this Request supposedly imposes on them. Their objections refer to it taking "significant staff time and months" to fulfill an open records request for use of force reports that was submitted outside of this lawsuit. Exh. 2. This objection lacks credibility because the City produced voluminous use of force reports in response to this open records request within one week of the filing of a lawsuit to enforce the Sunshine law, *ArchCity Defenders v. The City of St. Louis*, 2122-CC09264 (22nd Cir. Ct. 2021).[3] Furthermore, the City has since responded to a subsequent request for use of force reports within three months. Defendants' motion to sever was denied three months ago, and these 3rd RFPs have been pending for nearly ten months to produce relevant use of force reports. This delay is unacceptable, and unjustified by Defendants' objections. Defendants do not identify how many responsive reports exist or how long it would take to review and produce them. Defendants make no effort to describe how the reports are stored, and whether or how they can be searched. Perhaps they are easily accessible and text-searchable. But the point is we do not know, as Defendants have

---

[3] *See also* Doc. 53 ("But Defendants did not produce those records in this matter; it was in fact Plaintiffs who produced those records to Defendants after prevailing in a separate Sunshine Lawsuit…Plaintiffs' counsel submitted public records request for these documents well before filing this matter, and only received the documents after Plaintiffs' counsel sued the City of St. Louis in a separate matter, alleging an inadequate response in violation of Missouri's Sunshine Law. *See Petition, ArchCity Defenders et al. v. The City of St. Louis*, 2122-CC09264 (22nd Cir. Sept. 15, 2021). Seven business days later, the City of St. Louis fully released seven months of use of force records to Plaintiffs' counsel, free of charge.")

11

not offered any explanation or evidence to support their burden objection—especially when the City has been able to produce use of force reports more expeditiously, in response to Sunshine requests. Without more, this objection must be overruled. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) ("A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required.") (citation and quotation omitted).

Even if Defendants provided evidence that it would take months to produce these records, their objection should still be overruled. Defendants have already had months to produce these records. The 3rd RFPs were served nearly ten months ago. Procrastination is not a good faith objection to an appropriate discovery request. These records are relevant, and this Court should order Defendants to produce them over a five-year period, just as it did in *Leonard v. St. Charles County*, 2020 WL 3605625 at *3. Indeed, here Plaintiffs arguably seek less than what the Court compelled in *Leonard*. There, the Court granted a motion to compel information about several different policies and practices over a five-year period of time. Here, Plaintiffs' seek records related to one specific practice (i.e., the use of chemical agents) over a five-year period of time.

**This is the third motion to compel Plaintiffs have had to file regarding their 3rd RFPs.** Docs. 47, 61. Defendants asked this Court to deny this prior motion to compel because "Defendants have manifested their willingness to cooperate and produce documents," Doc. 76 at 13. Based on Defendants' representations in opposition, the Court denied the motions as moot, "subject to being revisited in the event of Defendants' failure to comply as noted in Defendants' filed response to the motion." Doc. 85. The parties have met and conferred in person numerous times over many months. Despite their representations to the Court, Defendants' actions demonstrate that they are not willing to cooperate and produce responsive documents, and were completely unwilling to

agree on any production goals or timeline. Defendants should be compelled to provide all records responsive to this Request No. 33.

II. **Defendants have not yet produced records responsive to discovery served on October 29, 2021—including materials they promised to produce at the parties' April 21, 2022 meet and confer.**

During the parties' April 21, 2022 meet and confer conference, Defendants committed to producing several categories of responsive and relevant materials. *See* Doc. 98 at ¶¶ 4-5. These records, listed below, are responsive to one or more of Plaintiffs' discovery requests. Despite promising to produce these records over four months ago, Defendants still have not provided these records. Nor will they provide an approximate timeline for the production of these records. With some rare exceptions noted below, Defendants have not produced *any* records responsive to these requests—despite the fact that they previously agreed to do so, and despite the fact that they were obligated to do so as of November 29, 2021.

| *Description of responsive records Defendants agreed to produce* | *Which request(s) those records are responsive to* | *Responsive records Defendants have produced thus far, if any* |
|---|---|---|
| Additional IJMS records | 3rd RFPs, No. 5 | **Defendants have not produced *any* responsive records.** |
| "Informals" or "Informationals" related to the dates of the Events described in the complaint (i.e., incidents that occurred on December 9, 14 and 19 2020; February 3 and 9 2021, January 6, 2022) | 3rd RFPs, Nos. 1, 5 | |
| Records related to the weighing of OC spray can, per CJC policy | 3rd RFPs, No. 9 | |
| Agenda or Minutes from Leadership Team Meetings | 3rd RFPs, No. 26 | |

13

| *Description of responsive records Defendants agreed to produce* | *Which request(s) those records are responsive to* | *Responsive records Defendants have produced thus far, if any* |
|---|---|---|
| Records demonstrating the chain of command at the CJC during from December 2020 through present[4] | 3rd RFPs, No. 36 | |
| Records related to lawsuits associated with the Defendants | 3rd RFPs, No. 23 | |
| Shift rosters from March 5, April 25, May 13, and May 18, 2021 | 1st ROGs, No. 3 (as narrowed per the parties' meet and confer) | |
| Relevant email communications | 3rd RFPs, Nos. 1, 2, 5, 32, 34, 41 | Defendants have only produced emails relating to specific instances of use of force against Derrick Jones, Jerome Jones, and Darnell Rusan, as alleged in the original complaint. **Defendants have not produced any other responsive emails, or responded to Plaintiffs' proposed search terms for culling responsive email communications.** |
| Personnel files for named defendants (consisting of discipline records, commendations, and performance review documents) | 3rd RFPs, No. 24 | Defendants have withheld all personnel records for the named defendants with one sole exception: they have produced redacted evaluations, training records, and compensation records for defendant Aisha Turner. **Defendants agreed to provide these records by July 28, 2022, but have not provided disciplinary or complete personnel records for any** |

---

[4] At the June 14, 2022 meet and confer conference, Defendants agreed to produce these records by July 28, 2022.

14

| *Description of responsive records Defendants agreed to produce* | *Which request(s) those records are responsive to* | *Responsive records Defendants have produced thus far, if any* |
|---|---|---|
| | | other named defendants, many of whom have been deposed by this time. |
| IRRs[5] and grievances related to name defendants, for the three years preceding the filing of this lawsuit | 3rd RFPs, No. 27 | Defendants have only produced some IRR/grievance documents from 2020. **Defendants agreed to produce this by July 28, 2022, but have not produced any such records for 2019 or 2018, and the 2020 records do not appear to be complete.** |
| Training records for each named defendant | 3rd RFPs, No. 34 | Defendants have provided some training records for defendants Fowlkes, Turner, and Alexander. **However, defendant Fowlkes testified that he had additional training materials at home, which still have not been produced.** **Defendants have not produced training records for defendants Richard, Borders, Wills, or Jones.** **Defendants have also failed to produce training materials that the individual Defendants actually reviewed at their training, instead producing training materials no defendant seems to recognize.** |

---

[5] IRR stands for "informal resolution request," and is the first stage of the internal administrative grievance process at CJC—a process through which, at least in theory, people detained at the jail may flag concerns or complaints regarding conditions at CJC.

15

These records are relevant and responsive to Plaintiffs' discovery requests. With one exception, these materials are responsive to Plaintiffs' 3rd RFPs, which were the subject of a prior motion o compel. Doc. 62. Following the parties' conference regarding these discovery items, Defendants agreed to produce these records. Over five months ago, Defendants represented to the Court their supposed "willingness to cooperate and produce documents." Doc. 76 at 13. Defendants' responses are long outstanding. They have demonstrated they will continue to withhold this relevant discovery unless and until this Court enters an order compelling them to respond. Defendants failure to produce material personnel, training and discipline documents before Defendant depositions has put Plaintiffs at a serious disadvantage. The time for that order is now.

### III. **Plaintiffs are entitled to documents the City provided to any regulatory, governmental, or investigative federal or state agency concerning the allegations in the Complaint.**

Finally, Plaintiffs seek an order compelling Defendants to provide records in response to Plaintiffs' 3rd RFPs, No. 40. Request No. 40 asks Defendants to produce the following:

> All documents or media that you provided to any regulatory, governmental, or investigative federal or state agency concerning the allegations in the Complaint.

Exh. 6. This Request is aimed at, among other things, documents which might relate to an investigation into conditions at the CJC by St. Louis City Circuit Attorney Kim Gardner[6] and documents provided to the Detention Facilities Oversight Board.[7] Defendants have reiterated that they will not produce any materials responsive to this Request absent a court order compelling them to do so. Defendants continue to withhold responsive records on the basis of three objections.

---

[6] *See* https://abcnews.go.com/US/wireStory/activists-st-louis-call-jail-uprising-act-courage-75758028.
[7] *See* https://www.stltoday.com/news/local/govt-and-politics/st-louis-aldermen-ok-forming-new-jail-oversight-board/article_ecc85c14-e239-5026-a863-5c69eda7ffab.html.

*First*, Defendants object that the Request is impermissibly vague. Here again, they fail to identify any specific terms or phrases that are vague or unclear—an assertion that would be challenging to do given the thoroughness of Plaintiffs' defined terms within the requests themselves. Instead, Defendants claim that the vagueness arises from unidentified allegations in the Complaint. Exh. 2. This defies belief given the specificity and detail in the Complaint itself. During the parties' April 21, 2022 meet and confer conference regarding this and other discovery issues, Defendants did not further articulate this vagueness objection. Instead, they simply asserted that there was an ongoing criminal investigation into conditions or staff at CJC, and thus any responsive records were considered closed and would not be produced. They did not provide any legal authority for this position.

*Second*, Defendants claim this Request is not proportional to the needs of the case. They present this objection without providing any information about the volume of responsive records or burden Defendants would bear were they to respond to this Request. Given that responsive records relate to the same subject matter as this case (conditions at CJC), the records are undoubtedly relevant. The seriousness of the issues involved and the fact that Defendants have unilateral access to the information responsive to this Request weigh in Plaintiffs' favor in assessing the proportionality of the request. Furthermore, since the investigation has only been ongoing since February 2021 (assuming it is still ongoing), this Request is sufficiently limited in time (and scope) so as to avoid imposing an unfair burden on the Defendants.

*Third*, Defendants assert that the records are "closed under state law," and "not subject to discovery." They provide no citation to support this assertion, and it is not clear what Defendants' legal basis is for withholding responsive records. Notably, Defendants do not provide a privilege log whereby Plaintiffs or the Court could assess the claim of privilege (if privilege is in fact being

17

claimed). This response therefore fails to comply with Rule 26, which requires a party withholding discovery information to:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5)(A).

Defendants' assertion that records related to the conditions of confinement at CJC are "not subject to discovery" in this case is confounding. This case relates to the conditions of confinement at CJC—specifically, the use of OC spray and the deprivation of water. Plaintiffs are permitted to seek information and records related to the claims or defenses at issue in this case. Investigative documents related to the conditions of confinement at CJC are therefore within the scope of permissible discovery.

## CONCLUSION

Plaintiffs have attempted to confer in good faith with Defendants countless times over the past year to resolve these discovery deficiencies. In the meantime, they have forged ahead with depositions and other written discovery, so as to avoid any further delay. At this time, it is clear that Defendants will not provide full and fair discovery responses absent an order from this Court. Therefore, for the foregoing reasons, Plaintiffs' respectfully request that this Court enter an order:

(1) Compelling Defendants to produce, within 21 days:

   a. all video recordings showing the use of chemical agents at CJC from 2019 through present;

   b. all use of force reports relating to the use of chemical agents on people detained at CJC from 2017 through present;

    c. all non-privileged records responsive to Plaintiffs' Third Set of Requests for Production and First Set of Interrogatories, as detailed in the chart *supra* at 13-15;

    d. all documents or media that any defendant provided to any regulatory, governmental, or investigative federal or state agency concerning the allegations in the Complaint;

    e. a privilege log for any records withheld on the basis of a privilege, ensuring said log contains information sufficient for Plaintiffs and the Court to assess the claim of privilege;

(2) Granting Plaintiffs' reasonable attorneys' fees incurred in bringing this motion; and

(3) Granting such other relief as is just and appropriate under the circumstances.

Dated: August 26, 2022                    Respectfully submitted,

                                        By: */s/ Amy E. Breihan*

                                        RODERICK & SOLANGE
                                        MACARTHUR JUSTICE CENTER

                                        Amy E. Breihan (MBE #65499MO)
                                        W. Patrick Mobley (MBE #63636MO)
                                        Shubra Ohri (E.D. Mo. Bar No. 63098241L)
                                        906 Olive Street, Suite 420
                                        Saint Louis, Missouri 63101

                                        ARCHCITY DEFENDERS, INC.

                                        */s/Maureen Hanlon (w/ consent)*
                                        Blake A. Strode (MBE #68422MO)
                                        Jacki Langum (MBE #58881MO)
                                        John M. Waldron (MBE #70401MO)
                                        Maureen Hanlon (MBE #70990MO)
                                        Brittney Watkins (MBE #73992MO)
                                        Emanuel Powell (E.D. Mo. Bar No. #706171MA)
                                        Nathaniel R. Carroll (MBE #67988MO)
                                        440 N. 4th Street, Suite 390
                                        Saint Louis, MO 63102

SAINT LOUIS UNIVERSITY SCHOOL OF
LAW LEGAL CLINICS

*/s/Lauren Bartlett (w/ consent)*
Brendan Roediger (E.D. Mo. Bar No. #6287213IL)
Lauren Bartlett (MBE #71698MO)
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930

RIGHTS BEHIND BARS

*/s/Oren Nimni (w/ consent)*
Oren Nimni *admitted pro hac vice*
416 Florida Avenue, NW #26152
Washington, D.C. 20001
*Attorneys for the Plaintiffs*