# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DERRICK JONES, JEROME JONES, MARRELL WITHERS and DARNELL RUSAN,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF ST. LOUIS *et al.*,<br><br>    Defendants. | Cause No. 4:21-cv-600 |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RICHARD'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Sherry Richards asks this Court to dismiss Plaintiffs' Third Amended Complaint, relying on arguments that mischaracterize the facts and are wrong on the law. Plaintiffs allege, and it must be accepted as true, that Defendant Richards used unreasonable force and caused more than *de minimis* injuries. Simply put, this Court has already ruled on the sufficiency of Plaintiffs' pleadings. Defendant Richard fails to offer any arguments that demonstrate the extraordinary circumstances necessary to undermine this Court's interest in finality of decision and judicial economy.

Defendant Richard's Motion to Dismiss is the latest in a long line of filings from Defendants that make the same arguments to dismiss Plaintiffs' allegations. Plaintiffs initiated this lawsuit against Defendants, including unknown Doe Defendants, on May 24, 2021. On March 15, 2022, Plaintiffs filed their Second Amended Complaint and identified Sherry Richard as a previously unknown Doe Defendant. Doc. 105. On June 9, 2022, Plaintiffs filed a Third Amended Complaint, in which Plaintiffs identified two more previously unknown Defendants. Docs. 127 and 130. On June 30, 2022, Defendants City of St. Louis, Javan Fowlkes, Aisha Turner, Dirrell Alexander, Freddie Wills, Douglas

1

Jones, and Bruce Borders filed a Motion to Dismiss Plaintiff's Third Amended Complaint. See Docs. 139, 140. Plaintiffs responded on July 21, 2022, and that motion is now fully briefed. Doc. 159 and 164.

Notably, the June 30 Motion to Dismiss was filed on behalf of every named Defendant aside from Defendant Richards. Defendant Richards has left the employment of the City Justice Center. On June 16, 2022, Plaintiffs notified Defendant Richard of this lawsuit by personal service. On July 20, 2022, Plaintiffs filed a Motion for Default Judgment because Defendant Sherry Richard had failed to respond or otherwise defend against Plaintiffs' Complaint. The next day, the City Counselor's Office filed an entry of appearance for Ms. Richards, and the parties agreed that Defendant Richards would file a responsive pleading. Doc. 162. Defendant Richards then filed this Motion to Dismiss. Doc. 167, 168.

Because of this delay in response, Defendant Richard's Motion to Dismiss is filed on behalf of Defendant Richard only but raises nearly identical arguments as the arguments raised by the other individual Defendants. Compare Docs. 139, 140 to Docs. 167, 168.

These arguments are also the same ones Defendants raised in their first Motion to Dismiss Plaintiffs' Second Amended Complaint on July 14, 2021—arguments which were rejected by this Court. Doc. 24. On January 13, 2022, the Court rejected Defendants' argument that they are entitled to qualified immunity as Plaintiffs have alleged no more than *de minimis* force and injuries. Doc. 52. Although Defendant's motion is not framed as a Motion to Reconsider, Plaintiffs previously argued the that the June 30 Motion to Dismiss failed to meet the high bar for reconsideration of a prior ruling. Doc. 159 at 2-4. Like the other Defendants, Defendant Richard fails to cite or acknowledge the Court's previous order at all, let alone explain any deficiencies in its reasoning or incorrect conclusions of law.

2

For the reasons Plaintiffs' outline in their first two responses to Defendants' Motions to Dismiss, and for the reasons this Court has *already found*, Plaintiffs' allegations against Defendant Richard, who was previously identified as a Doe Defendant, are sufficient to state a claim for relief.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, "the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## ARGUMENT

Defendant Richard argues that Count I of Plaintiff's Third Amended Complaint should be dismissed because Plaintiff Derrick Jones alleges "merely *de minimis* injuries." Doc. 168 at 1. As Plaintiffs have explained before, Defendant misunderstand and misapply controlling Eighth Circuit caselaw. Doc. 159. And Defendant again misrepresents Derrick Jones' allegations.

Moreover, this Court already ruled that Plaintiff Derrick Jones' excessive force claims in Count I is sufficient to state a claim. Doc. 52 at 7-8. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135

3

S. Ct. 2466, 2473 (2015). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014).

### A. Plaintiffs allege more than *de minimis* injuries.

Defendants argue that Count I should be dismissed because Plaintiffs alleged merely *de minimis* injuries that are indicative of a *de minimis* use of force. But precisely the opposite is true. Plaintiff Derrick Jones, like his other co-plaintiffs, alleges the use of chemical agents in prolonged and excessive fashion, describing intense pain, burning of the eyes, face, and skin, subsequently being unable to breathe and lasting symptoms. *See* Doc. 131 ¶¶ 23-72. Specifically, Derrick Jones was maced in the eyes and face, taken to the ground and beaten, handcuffed, maced again, and then placed in a holding cell, only to be maced again. Doc. 131 ¶¶ 23-26. Derrick struggled to breathe, was denied medical treatment, and endured burning from the mace on his skin and clothes for days because he was refused a shower. *Id*. ¶¶ 26-28, 30.

Defendants argue that the Eighth Circuit has never deemed pepper spray to necessarily cause more than *de minimis* harm, citing *Peterson v. Kopp*, 754 F.3d 594 (8th Cir. 2014). This is an incomplete reading of *Peterson*, as the Court there explicitly acknowledged that, at times, excessive use of mace will result in a more than *de minimis* injury. *Peterson,* 754 F.3d at 601 (citing *Lawrence v. Bowersox,* 297 F.3d 727, 732 (8th Cir. 2002)). In fact, *Peterson* explains that in a prior case, *Chambers v. Pennycook*, the Eighth Circuit has held that "[t]he degree of injury should not be dispositive, because the nature of the force applied cannot be correlated perfectly with the type of injury inflicted." *Id., citing Chambers v. Pennycook*, 641 F.3d at 906. "It is logically possible to prove an excessive use of force that caused only a minor injury, and a rule

4

that forecloses a constitutional claim in that circumstance focuses on the wrong question." *Pennycook*, 641 F.3d at 906.

The facts of *Peterson* are distinguishable as well. In *Peterson,* an arresting police officer sprayed the plaintiff in the open air for two seconds in the face and, at the summary judgment phase, the Eighth Circuit found that the officer was entitled to qualified immunity. *Id.* The Circuit described *Peterson* as a "close case," one where the pepper spraying of Peterson "may have been unreasonable." *Id*. at 601. The *Peterson* court reasoned that while the Plaintiff suffered some pain, it was pertinent that he did not seek medical care for his symptoms. *Id*. By contrast, in *Lawrence,* the court held that the plaintiffs suffered more than *de minimis* injuries when "inmates' faces and bodies were soaked in pepper spray" and "their entire cell was covered with the spray." 297 F.3d at 732. The Court in *Lawrence* cited the lasting and "intense burning" that the plaintiffs experienced after inhaling mace for 10 minutes. *Id.* Similarly, om *Treats v. Morgan*, the Eighth Circuit rejected a similar argument to the one set forth by Defendants here - that pepper spray causes only *de minimis* injury if "an inmate has disobeyed an order and received medical attention after being sprayed." 308 F.3d 868, 871-75 (8th Cir. 2002) (noting pepper spray is a "painful substance" and that it would be "a matter of serious concern if correctional officers" believed it "could be used at will").

As this Court wrote when denying Defendants' identical argument advanced in its last Motion to Dismiss regarding Defendants' actions, "even if the injuries alleged were de minimus (and it is by no means clear that they are) it is clearly established that the unreasonableness of the force used, not the nature of the injury is the relevant inquiry." Doc. 52 at 9 (citing *Pennycook*, 641 F.3d at 906). Derrick Jones' allegations are significantly more like those in *Lawrence* than *Peterson*.

5

Specifically, in the present case, Plaintiff Derrick Jones was maced repeatedly. He was left with mace on his bodies for an extended period without being allowed to shower for hours or even days. As in *Lawrence*, the exposure to chemical agents was excessive and intended to cause pain—Defendant Fowlkes, having locked Derrick Jones in a holding cell, said "let him marinate" after macing Jones for the third time in a matter of hours. *Id.* ¶ 29. Derrick was unable to breathe properly for 36 hours following the macing. *Id.* ¶ 27. Plaintiffs have made sufficient allegations to demonstrate he endured more than *de minimis* injuries and that unreasonable force was exerted against him.

Defendant's reliance on *White v. Jackson* is also misguided. *White v. Jackson*, 865 F.3d 1064 (8th Cir. 2017). The court in *White* concluded that when an officer placed a knee in an arrestee's back was not an unreasonable use of force within the context of an arrest. *Id*. at 1080 (quoting *Graham v. Connor*, 490 U.S. 386, 396). However, the *White* court **reversed** the lower court's grant of qualified immunity with respect to the use of pepper spray (as well as other physical assaults on a restrained individual), holding there was a genuine issue of material fact as to whether these actions constituted gratuitous, unnecessary force against a subdued individual which was not objectively reasonable. *Id.* Plaintiffs here present similar allegations of gratuitous, unnecessary force. *See* Doc. 131 ¶¶ 73-86.

Plaintiff Derrick Jones presented clear allegations regarding his injuries. To the extent there is a genuine dispute of material fact as to the severity of the injuries endured, that issue cannot be resolved here.

**B. Plaintiffs' allegations are sufficient to demonstrate unreasonable force.**

The proper question is one of the objective reasonableness of Defendant Richard's actions. *Peterson*, 754 F.3d at 601.[1] A detainee can prove an excessive force claim under the Fourteenth Amendment by showing the force used was objectively unreasonable. Courts must consider the following factors in evaluating such a claim: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting. *Kingsley v. Hendrickson,* 576 U.S. 389, 397 (2015).

Defendants presumably focus only on the extent of injury factor—which, as discussed *supra*, Plaintiffs dispute—because all the other factors weigh decisively in Plaintiffs' favor. The Eighth Circuit has repeatedly found that macings almost identical to the facts alleged here can be objectively unreasonable. In *Tatum v. Robinson*, the Eighth Circuit found that the use of pepper spray for one second against the plaintiff was unjustified because a reasonable officer would not have viewed the plaintiff as resisting, as an immediate threat, or engaged in a severe crime; the court held that even a short burst of mace was objectively unreasonable. 858 F.3d 544, 546 (8th

---

[1] Defendants here ask this Court to find them entitled to qualified immunity. The qualified immunity analysis has two prongs: (1) whether the facts alleged, viewed in the light most favorable to the plaintiff, show that the defendant violated a constitutional or statutory right, and (2) whether the right at issue was clearly established at the time of the offending conduct. *Bonenberger v. St. Louis Metro. Police Dep't*, 956 F. Supp. 2d 1059 (E.D. Mo. 2013) (citing *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir.2009)). Notably, Defendants only raise arguments regarding the first prong, and do not argue that the rights at issue were not clearly established. Nor could they. In *Lawrence*, the Eighth Circuit held that, "orchestrating an unnecessary pepper spray shower violated clearly established rights of which a reasonable person should have known." *Lawrence*, 297 F.3d at 733. Likewise, in this Court's order denying Defendants' last Motion to Dismiss, this Court cited a plethora of cases, including *Johnson v. Carroll*, 658 F.3d 819, 828 (8th Cir. 2011), *Treats v. Morgan*, 308 F.3d 868, 872-73 (8th Cir. 2002), *Bauer v. Norris*, 713 F.2d 408, 42 (8th Cir. 1983), and *Krout v. Goemmer*, 83 F.3d 557, 566 (8th Cir. 2009), noting that, "[t]aken together these cases show that Plaintiffs' right to be free from excessive force in the alleged circumstances was clearly established." Doc. 52 at 10.

Cir. 2017). In *Henderson v. Munn*, 439 F.3d 497 (8th Cir. 2006), the Eighth Circuit affirmed a decision denying an arresting officer qualified immunity because a reasonable jury could find that an officer used excessive force in pepper spraying a man in the face who was handcuffed and lying in the ground. *Id*. at 502.

In the Eighth Amendment context, the Eighth Circuit has also held that the use of pepper spray in response to a non-recalcitrant incarcerated person constitutes excessive use of force, whether the macing causes only *de minimis* injuries notwithstanding. In *Treats v. Morgan*, the circuit court considered whether a plaintiff who had been maced without warning for disputing an officer's order could sustain an excessive force claim at the summary judgment phase. *Treats*, 308 F.3d at 872-73. The court concluded that because the plaintiff could not at the summary judgment phase "be said to have been recalcitrant or threatening" there were genuine issues for trial regarding the plaintiff being pepper sprayed. *Id*. at 873; *see also Foulk v. Charrier*, 262 F.3d 687, 702 (8th Cir. 2001) (holding a reasonable jury could find an officer engaged in a malicious and sadistic use of force when he enticed an incarcerated person to a screened window and sprayed pepper spray into the plaintiff's face).

Defendant Richard violated Defendant City of St. Louis's own written policies in macing Plaintiff Derrick Jones. Defendant Richard and Plaintiff Derrick Jones were engaged in a conversation after Derrick reasonably asked not to be moved into a cell with a COVID infected cellmate.  Doc. 131 ¶¶ 20-21. Derrick was waiting for Defendant Richard to give him an answer when she prayed him in the eyes and face, without warning. *Id*. ¶¶ 22-23. At the time Derrick was maced, he was not acting aggressively, nor was he threatening anyone's safety. *Id.* ¶¶ 22-23. He was not actively resisting when he was maced, but instead just awaiting final instructions as to where he could go (*Id.* ¶¶ 25-26).  Contrary to Defendant Richard's representation, this was *not* a

8

"tense and rapidly evolving scenario"—this was a calm conversation where Derrick made a simple request and then was blasted with OC spray for punishment. *Id*. ¶¶ 20-27. He was then left with his eyes, face, and skin burning for hours. *Id*. ¶¶ 20-27

Here, this Court has already and correctly found that "Plaintiffs' excessive force claims in Counts One, Two, and Three are sufficient to state a claim." Doc. 52 at 7.[2] As to Derrick Jones, this Court wrote, "correctional officers used excessive force on him without reason or provocation. There is no indication that the force used was in an attempt to maintain or restore discipline." *Id*. at 8. These correctional officers include Defendant Richard, previously identified as a Doe Defendant. The Court pointed out that "[t]he reasonable inference to be drawn is that force was used against Derrick Jones to punish him because he asked that he not be housed with a cellmate who he believed had COVID-19." *Id*.

For the same reasons this Court previously denied Defendant Richard's attempt to dismiss Count I, the Court should deny Defendant Richard's motion here. Plaintiffs have sufficiently stated a claim for excessive force for Counts I and Defendant Richard is not entitled to qualified immunity.

## Conclusion

For the foregoing reasons Defendant Richard's Motion to Dismiss should be denied.

Dated: August 29 2022                    Respectfully submitted,

ARCHCITY DEFENDERS, INC.

By: */s/* Maureen Hanlon
Blake A. Strode (MBE #68422MO)
Jacki Langum (MBE #58881MO)

---

[2] Plaintiffs' Third Amended Complaint does not change or alter the allegations made against Defendant Sherry Richard from the First Amended Complaint, then known as a Doe Defendant, that was the subject of Defendants' July 14, 2021 Motion to Dismiss.

9

John M. Waldron (MBE #70401MO)
Maureen Hanlon (MBE #70990MO)
Nathaniel R. Carroll (MBE #67988MO)
Brittney Watkins (MBE #73992MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-2489
314-925-1307 (fax)
bstrode@archcitydefenders.org
jlangum@archcitydefenders.org
jwaldron@archcitydefenders.org
mhanlon@archcitydefenders.org
ncarroll@archcitydefenders.org
bwatkins@archcitydefenders.org

RODERICK & SOLANGE MACARTHUR JUSTICE CENTER

By: */s/* Amy E. Breihan
Amy E. Breihan (MBE #65499MO)
William Patrick Mobley (MBE #63636MO)
Shubra Ohri (E.D. Mo. Bar No. 63098241L)
3115 S. Grand Blvd., Suite 300
Saint Louis, MO 63118
(314) 254-8540
(314) 254-8547 (fax)
amy.breihan@macarthurjustice.org
pat.mobley@macarthurjustice.org

SAINT LOUIS UNIVERSITY SCHOOL OF LAW LEGAL CLINICS

By: */s/* Lauren Bartlett
Brendan Roediger (E.D. Mo. Bar No. #6287213IL)
Lauren Bartlett (MBE #71698MO)
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930
314-977-2778
brendan.roediger@slu.edu
lauren.bartlett@slu.edu

RIGHTS BEHIND BARS

By: */s/* Oren Nimni
Oren Nimni *admitted pro hac vice*
416 Florida Avenue, NW #26152

        Washington, D.C. 20001
        (206) 200-9088
        oren@rightsbehindbars.org

*Attorneys for the Plaintiffs*