UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Derrick Jones, Jerome Jones, and Darnell Rusan,<br><br>PLAINTIFFS,<br><br>v.<br><br>City of St. Louis, et al.,<br><br>DEFENDANTS. | Cause No. 4:21-cv-600-NCC |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

COME NOW Defendants, by and through undersigned counsel, and for their Memorandum in Support of Defendants' Motion For Sanctions state as follows:

## BACKGROUND

On March 18, 2022, Defendants served their First Interrogatories to Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan. Exh. B.

On April 18, 2022, Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan served their Responses to Defendants' First Interrogatories. Exhibit B. Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan's responses to Defendants' aforesaid Interrogatories were substantially the same as those asserted later by Plaintiff Marrell Withers. See Exh. A and B.

1

On July 11, 2022, Defendants filed their motions to compel answers to Defendants' aforesaid interrogatories directed to Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan. Doc. #s 145, 146, 149, 150, 151, and 152. Specifically, Defendants directed their motions to compel at Plaintiff Derrick Jones' failure to answer Interrogatories Nos. 1, 2, 12, and 13; Plaintiff Jerome Jones' failure to answer Interrogatories Nos. 1, 2, 12, and 13; and Plaintiff Darnell Rusan's failure to answer Interrogatories Nos. 1, 2, 11, 12, 13, and 14. Doc. #s 145, 146, 149, 150, 151, and 152.

On July 25, 2022, Defendants served their First Set of Interrogatories Directed to the fourth later added plaintiff, Plaintiff Marrell Withers. See attached Exh. A.

On August 2, 2022, the Court issued its ruling relative to Defendants' above-referenced motions to compel. The Court granted Defendants Motion to Compel directed at Plaintiff Derrick Jones in all respects with the exception of Interrogatory No. 12. The Court granted Defendants' Motion to Compel directed at Plaintiff Jerome Jones in all respects with the exception of Interrogatory No. 12. Finally, the Court granted Defendants' Motion to Compel directed at Plaintiff Darnell Rusan in all respects except for Interrogatories 12, 13, and 14. Doc. # 165.

On August 24, 2022, Plaintiff Withers served his Responses to Defendants' First Interrogatories asserting objections to all eight Interrogatories. See Exh. A. Said Plaintiffs did provided answers, but *subject to* objection to Interrogatories Nos. 1, 2 (limited answers), 3, 4, and 5. However, Plaintiff invoked his 5th Amendment Right with regard to Interrogatory 6 and 7 and provided no answer beyond his objections to Interrogatory No. 8. See Exh. A, Interrogatories 1-8.

On September 23, 2022, Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan served their First Supplemental Responses to Defendants' First Interrogatories. Plaintiff Jerome Jones again refused to provide responses to Defendants' Interrogatories without them being limited by objection in violation of the Court's August 2, 2022 order and refused to provide any response to Interrogatory No. 11. Plaintiff Derrick Jones likewise refused to provide responses to any of Defendants' Interrogatories without said answers being limited by objection and refused to provide any response to Interrogatories 11, 13, or 14. Finally, Plaintiff Darnell Rusan also refused to provide any responses to Defendants' Interrogatories without them being limited by objection. See Exhibit C.

## ANALYSIS

Rule 37(b)(2)(A) Fed. R. Civ. Pro. states:

> (A) *For Not Obeying a Discovery Order*: If a party … fails to obey an order to provide or permit discovery, including under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

\*\*\*

> (iii) striking pleadings in whole or in part;

\*\*\*

> (v) dismissing the action or proceeding in whole or in part;

\*\*\*

To justify a sanction of dismissal, Rule 37 requires 1) an order compelling discovery, 2) a willful violation of that order, and 3) prejudice to the other party. *McDonald v. Overnite Exp.*, 2010 WL 2733328 (D. Minn. May 11, 2010) at \*5.

Plaintiff Withers has now raised the same objections as Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan even though the Court has already heard and overruled said objections in the context of the other three Co-Plaintiffs' discovery responses on August 2, 2022. Furthermore, Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan continue to refuse to provide complete responses to Defendants' Interrogatories in defiance of the Court's August 2, 2022 order. Plaintiffs' conduct in failing to comply with the Court's August 2, 2022 order can only be willful in that Plaintiffs' counsels chose yet again to assert the same

objections and privileges that the Court already considered and overruled.

Plaintiffs appear to be engaged in a coordinated attempt to thwart Defendants' ability to conduct discovery in this case and to defend themselves in violation of Rule 26, 33, and 34 Fed. R. Civ. Pro. and the Court's August 2, 2022 order to Defendants' prejudice in that Defendants are not able to conduct the depositions of Plaintiffs effectively without Plaintiffs' complete discovery responses and have been forced to engage in extensive motion practice to attempt to obtain Plaintiffs' compliance with the federal rules of civil procedure and the orders of this Court.

## CONCLUSION

For the reasons stated above, Defendants hereby pray the Court grant Defendants' Motion for Sanctions, dismiss Plaintiffs' Complaint, and for Defendants' costs in pursuing this motion.

Respectfully submitted,

SHEENA HAMILTON,
CITY COUNSELOR

By: /s/ Lawrence L. Pratt #41324
 Assistant City Counselor
 1200 Market Street
 City Hall Room 314
 St. Louis, Missouri 63103
 Phone: 314-641-8317
 Fax: 314-622-4956
 PrattL@stlouis-mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **October 14, 2022** the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

 /s/ Lawrence Pratt