UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:21CV600 HEA |
| ) | |
| **CITY OF ST. LOUIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on Defendant City of St. Louis' Motion to Quash Notice of Deposition and for Protective Order [Doc. No. 212]. No response has been filed. For the reasons set forth below, Defendant's Motion will be granted in part and denied in part.

### Background

On or about November 9, 2022, Plaintiffs served their Notice of Deposition to Defendant for Commissioner Clemons-Abdullah on December 1, 2022. In the instant motion, Defendant explains Clemons-Abdullah, who is the chief administrative officer and appointing authority of the Division of Corrections, began as commissioner on September 13, 2022. Defendant contends all but one incident alleged in Plaintiffs' Third Amended Complaint were prior to Commissioner Clemons-Abdullah's appointment, and she has no firsthand

knowledge regarding Plaintiffs' claims. According to Defendant, Plaintiffs did not consult with Defendant about this deposition, nor has it consented to it.

Defendant attached Plaintiffs' Notice of Deposition as Exhibit 1. Plaintiffs did not file a response to the instant motion.

## Legal Standard

When a party serves a notice or subpoena naming an organization, such as a governmental agency, as the deponent, the party "must describe with reasonable particularity the matters for examination." Federal Rule of Civil Procedure 30(b)(6). The governmental agency must designate the person or persons who consent to testify on its behalf and "may set out the matters on which each person is designated to testify." *Id.* "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." *Id.*

## Discussion

There is no indication to the Court that Plaintiffs have complied with Federal Rule of Civil Procedure 30(b)(6). Plaintiffs' Notice of Deposition did not "describe with reasonable particularity the matters for examination" nor have the parties conferred in good faith about such matters as required. *Id.* In fact, Plaintiffs did not even consult with Defendant about this deposition. Therefore, Plaintiffs Notice of Deposition of Commissioner Clemons-Abdullah is improper.

## Conclusion

Based on the foregoing reasons, Defendant's Motion to Quash Notice of Deposition of Commissioner Clemons-Abdullah on December 1, 2022, will be granted. Defendant's request for a protective order prohibiting Plaintiffs from subpoenaing Commissioner Clemons-Abdullah for future depositions is premature and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Quash Notice of Deposition and for Protective Order [Doc. No. 212] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash Notice of Deposition of Commissioner Clemons-Abdullah on December 1, 2022, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order is **DENIED**.

Dated this 30th day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE