# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DERRICK JONES, JEROME JONES, MARRELL WITHERS and DARNELL RUSAN, ) ) ) | |
| on behalf of themselves and all similarly situated individuals, ) ) | Cause No. 4:21-cv-600 |
| Plaintiffs, ) ) | |
| v. ) ) | |
| CITY OF ST. LOUIS, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' SIXTH MOTION TO COMPEL

Plaintiffs, by and through counsel, move this Court to enter an order compelling Defendants to respond to Plaintiffs' Fourth Set of Requests for Production and Second Set of Interrogatories. In support of their motion Plaintiffs state as follows:

1.      Plaintiffs have brought this case against the City of St. Louis (City) and individual Defendants for the inhumane treatment they endured, specifically by excessive force and punitive water deprivation practices, while detained at the St. Louis City Justice Center (CJC). Fact discovery is set to complete on January 16, 2023, Doc. 219.

2.      Plaintiffs sent Defendants their Second Set of Interrogatories (Interrogatories) and Fourth Set of Requests for Production (Requests for Production) on February 4, 2022, and April 20, 2022, respectively. See Exhibit A.

3.      Plaintiffs sent a Rule 37 deficiency letter to Defendants regarding the Interrogatories on May 26, 2022, and again on July 14, 2022, along with a Rule 37 deficiency letter regarding Plaintiffs' Requests for Production on July 14, 2022. See Exhibit B.

4.      Plaintiffs' counsel then followed up on these deficiency letters via email on July 27th and August 3rd and 4th. See Exhibit C (July 14, 2022, email chain between Plaintiffs' attorney, Ohri, and Defendants' Counsel).

5.      Plaintiffs' counsel, Maureen Hanlon and Shubra Ohri, conferred with Defendants' counsel Larry Pratt on September 21, 2022, about Plaintiffs' Second Set of Interrogatories and Fourth Set of Requests for Production. With respect to Plaintiffs' Requests for Production, Defendants' counsel stated that they would be standing on the majority of their objections, including Requests 8, 9, 10 and 15. Defendants said they would re-evaluate their position on Requests 4, 11, 12 and 14 by September 23, 2022. Defendants never communicated a change in position on those Requests to Plaintiffs and never sent updated responses to Plaintiffs' Requests for Production. See Exhibit D.

6.      At that same meet and confer, Defendants indicated that they would be standing on their responses and objections to Interrogatories: 5, 7, 8, and 14. They indicated that they would supplement their responses and objections to Interrogatories 9 and 12 by Friday September 23, 2022. See Exhibit D. On November 8, 2022, Defendants sent Plaintiffs a revised response to Interrogatory 12 but continued to stand on their objection to Interrogatory 9. See Exhibit E, Defendants Revised Interrogatory Responses.

7.      Despite reasonable efforts to confer, the parties are at an impasse about the production of information responsive to Plaintiffs' discovery requests and material to this case.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." FED. R. CIV. P. 26(b)(1). The standard for discoverability is liberal. See *Bartis v. Biomet, Inc.* 2021 WL 2092785, at *1 (E.D. Mo. May 24, 2021). Relevancy in this context "is to be broadly construed . . . it encompasses any matter that could bear on, or that reasonably could lead to [an]other matter that could bear on, any issue that is or may be in the case." *Spring Lake Pork, LLC v. Great Plains Mgmt., LLC*, No. 2:19-CV-18 HEA, 2021 WL 3051902, at *2 (E.D. Mo. July 20, 2021) (citation and quotation omitted). A party may move to compel discovery where another party fails to respond to a discovery request or where the response is evasive or incomplete. FED. R. CIV. P. 37(a)(3)(4).

> The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for "(d)elay and evasion are added burdens on litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice."

*Dependahl v. Falstaff Brewing Corp.*, 84 F.R.D. 416, 419–20 (E.D. Mo. 1979), *aff'd*, 653 F.2d 1208 (8th Cir. 1981) (quoting *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 241 (8th Cir. 1977)). Aligned with those values, Rule 37 permits a court to impose sanctions where a party does not properly respond to a request under Rule 34. FED. R. CIV. P. 37(d)(1)(A)(ii). In addition to the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3) (emphasis added). That the requests are objectionable is not sufficient grounds for failing to comply with the Rules. FED. R. CIV. P. 37(d)(2). Further, in the Eighth Circuit, "bad faith is not necessary for a court to impose sanctions." *Lapidus v. Life Ins. Co. of N. Am.*, No. 4:18-CV-01291-JCH, 2019 WL 2525648, at *2 (E.D. Mo. June 19, 2019) (citing *Stevenson v. Union Pacific R. Co.*, 354 F.3d 73, 745 (8th Cir. 2004)).

**ARGUMENT**

## I.     Defendants' Responses to Plaintiffs' Fourth Requests for Production are Deficient under Rule 34 and their Objections Have No Merit.

Defendants have failed to substantively respond and produce documents in response to Plaintiffs' Requests for Production, and instead responded with boilerplate and often nonsensical objections. The requests are targeted and necessary to the instant litigation. Defendants cannot meet their burden to sustain their objections or their lack of response and have failed to substantiate their responses.

### A. Defendants' Responses That They Have No Responsive Documents is Contradicted by the Record

Defendants state that there are no responsive documents to Requests 4, 11, 12 13 and 14; a position that defies logic. Moreover, these responses are directly contradicted by the record and Plaintiffs' own knowledge.

Requests 4:

*What this Request seeks*: Any and all documents showing the list of detained individuals currently housed in Housing Unit 4A.

*Basis for motion to compel*: It is highly unlikely that Defendants, who are charged with the care and detention of detainees at CJC, have no record as to who is in CJC on this unit.

Requests 11 and 12:

*What these Requests seek*:

Request 11: Any and all documents detailing informal resolution requests (IRRs), complaints, health services requests, grievances, or grievance appeals filed by detainees in CJC

within the past three (3) years concerning failure to accommodate medical conditions or disabilities when officers have effectuated a use of force with chemical agents.

Request 12: Any responses to the IRRs, complaints, health services requests, grievances, or grievance appeals produced in response to Request No. 11.

**Basis for motion to compel:** It is highly unlikely that Defendants have no responsive records. In fact, Plaintiffs have gathered some responsive documents through separate subpoenas, including the attached IRR form. See Exhibit F Jones 7046. Those documents were produced to Defendants months ago on August 29, 2022, before the parties met and conferred about the discovery requests at issue in this Motion to Compel. The IRR form, which describes a detainee being attacked by OC spray and a failure to accommodate the detainee's medical condition, is from Defendant City's own database and clearly indicates that Defendants are in possession of responsive documents. *Id.*

Requests 13 and 14:

**What these Requests seek:**

Request 13: Any and all documents detailing IRRs, complaints, health services requests, grievances, or grievance appeals filed by detainees in CJC within the past three (3) years concerning failure to treat medical conditions or disabilities arising in the immediate aftermath of a use of force.

Request 14: Any responses to the IRRs, complaints, health services requests, grievances, or grievance appeals produced in response to Request No. 13, above.

**Basis for motion to compel:** Defendants have not provided a response to Request 13, even after telling Plaintiffs they would after their September 21, 2022, meet and confer. Here again, it is highly unlikely that Defendants have no responsive records to Request 13. Again, Plaintiffs have been able to separately subpoena responsive documents, which were produced to Defendants months ago in August 2022. See Exhibit G (Jones 4883). Among those documents is at least one

IRR form, which details an incident of excessive force and a subsequent failure to provide medical care. The form is from Defendant City's own database and clearly indicates that Defendants are in possession of responsive documents. *Id.*

Defendants are clearly in possession of responsive documents; a fact verified through third party. This Court should compel Defendants to conduct a meaningful search of their records for responsive documents to Requests 4, 11, 12 13 and 14.

B. **Defendants' Responses to Other Requests for Production Are Boiler Plate and Ignore Definitions and Facts Clearly Set Forth in this Cases**

Requests 9:

*What this Request seeks*: Any and all documents identifying the name, type of medical condition(s), and housing unit for any and all detainees that fall within the definition of the "Medical Subclass" as defined at ¶152 of Plaintiffs' Proposed Second Amended Complaint (Doc. 69-1).

*Defendants' objections:* Defendants claim the Definition for the Medical Subclass is too vague to allow production. Defendants also objected that disclosure of such information would violate HIPAA.

*Basis for motion to compel*: The medical subclass is well defined with specificity in the text of Plaintiffs' Second Amended Complaint, which defines the subclass as "all qualifying individuals who are or will be detained at CJC and who have a disability that makes them particularly susceptible to serious harm from chemical agents ("disabilities")." Doc. 69-1 ¶ 152. Nonetheless, Defendants deemed the term specific enough to determine that there were no responsive documents to a similar request (*See* Reqs. 8 and 10 also using the term Medical Subclass) and cannot therefore now claim that the term is too vague. Objecting on the basis of HIPAA is also improper asthere is a HIPAA protective order in place in this case. Doc. 40.

Requests 15:

**What this Request seeks:** Any and all documents relating to new detainee restrictions in Housing Unit 5B of the City Justice Center, as of April 2022, including restrictions related to detainee movement, access to tablets, phones, showers, haircuts and commissary.

**Defendants' Response:** Objection that the request is irrelevant.

**Basis for motion to compel:** The request is relevant to Plaintiffs' claims and their request for injunctive relief. For example, a number of allegations reference restriction on showering after use of OC spray.

## II. Defendants' Responses to Plaintiffs' Second Set of Interrogatories are Deficient and their Objections Have No Merit Under Well-Established Law

Interrogatory 8

**What this Interrogatory seeks:** Interrogatory 8 requests that Defendants "describe every physical location or electronic system that contains records of correctional officers' notes or reports for water shut-off events that occurred at CJC, such as shift logs, incident reports, individual detainee's files, etc., and for each location or system describe what types of notes or reports are kept there."

**Defendant Response**: Defendants did not object, and replied "St. Louis City Justice Center, IJMS daily logs." First, Defendants failed to "describe what types of notes or reports are kept there" as set requested by the Interrogatory. Second, here too the record demonstrates that Defendants are in possession of additional facts responsive to Interrogatory 8. For example, Defendants' prior production "[City_003805-003869] Duty Officer log Sept 1, 2020- Jan 3, 2021" appears to be a type of physical location which could contain records of correctional officers' notes. Moreover, correctional officer Michelle Lewis previously testified about a type of written document called an "informational" or "informals" which could contain notes of incidents. Defendants should be compelled to supplement this response.

Interrogatory 9

**What this Interrogatory seeks:** Interrogatory 9 requests that Defendants "List all disciplinary complaints made against any of the individual Defendants at any time in relation to his or her work as a corrections or law enforcement officer (including Complaints that currently remain pending). As to each complaint, provide the complaint number, the name and address of the complainant, date of the alleged incident(s), the nature of the allegations(s), and indicate the disposition (if any).

**Defendant Response:** Defendants first objected that Interrogatory 9 "is specific to Plaintiffs' *Monell* discovery and is therefore subject to Defendants Motion to Stay *Monell* discovery. Defendants' disciplinary history is confidential and disclosure violates City Ordinance." In their November 8, 2022, Supplement, Defendants responded "Objection, request is vague. Plaintiff is not specifying what constitutes a disciplinary complaint and does not limit the scope or time of the request."

**Basis for motion to compel:** This Court denied Defendants' Motion to stay *Monell* discovery on May 19, 2022. Doc. 112. Even if it hadn't, Interrogatory 9 plainly requests information related to the individual Defendants and is therefore not specific to Plaintiffs' *Monell* discovery. Moreover, Defendants have already conceded that defendant officers' disciplinary records are relevant. In the October 12, 2022, deposition of former superintendent Adrian Barnes, Defendants' counsel conceded that inquiry into Mr. Barnes' disciplinary history was "fair game." See Exhibit H (Barnes Deposition). Moreover, Defendants have already produced some, but not all, disciplinary records related to the individual Defendants.

As Plaintiffs have previously explained, the defendant officers' disciplinary records, especially records related to misconduct similar to those alleged by Plaintiffs, are relevant and discoverable. *See Noce v. City of Webster Groves*, 4:10- cv-2363, 2013 WL 4620662, at *3 (E.D. Mo. Aug. 29,

2013) (ordering the production of a personnel file of a Defendant officer in a civil rights suit); *Schweppe v. City of Pine Lawn*, 2018 WL 623595 (E.D. Mo. Jan. 30, 2018) (ordering the production of the entire personnel file from Defendant officer's prior police employer). Disciplinary records are also presumptively relevant and discoverable for potential use under Rules 404, 607 and 608(b) of the Federal Rules of Evidence. See Fed. R. Evid. 607; Fed. R. Evid. 608(b).

<u>Interrogatory 14</u>

**What this Interrogatory seeks:** Interrogatory 14 requests that Defendants "describe the entire factual basis or bases supporting those defense(s)" for any defense pled in this matter.

**Defendant Response:** Defendants did not answer and objected "Plaintiffs are not entitled to work product. Defendants' affirmative defense in their answer to the amended petition speak for themselves."

**Basis for motion to compel:** This is incorrect as a matter of well-settled law. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Interrogatories seeking information, facts, and evidentiary support for Defendants' claims, otherwise known as "contention interrogatories" are almost universally considered to be proper among federal courts nationwide, including courts in the Eighth Circuit. *See Harvey v. Circle*, No. 4:19-CV-902-NAB, 2020 WL 4472999, at *5 (E.D. Mo. Aug. 4, 2020) ("[T]he general rule in this Court is that interrogatories may "properly ask for the 'principal or material' facts which support an allegation or defense") (collecting cases); *see also Leeb v. Charter Commc'ns, Inc*., No. 4:17-CV-02780-SRC, 2019 WL 4576450, at *5 (E.D. Mo. Sept. 20, 2019); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

### III. **Applying Sanctions and Awarding Reasonable Attorney's Fees and Costs Is Appropriate In Light of Defendants' Conduct in This Case**

Plaintiffs ask this Court to apply sanctions under Rule 37 and award Plaintiffs' attorneys' fees connected with bringing this motion. Plaintiffs have served request after request and been diligent in pursuing those requests. This diligence has come to nothing, and Defendants continue to fail in their obligations and will continue to do so absent substantive penalties. As explained above, Plaintiffs' counsel attempted in good faith to resolve this issue without court action on multiple occasions, but Defendants have utterly refused to engage in credible discovery. Under Rule 37(d), a party may seek sanctions for an opposing party's failure to respond to discovery. See *Dixon v. Davis*, et al., No. 4:19-CV-03286 JAR, 2022 WL 374488, at *1 (E.D. Mo. Feb. 8, 2022). Sanctions are appropriate here to deter Defendants from further discovery misconduct and in order to "restore some semblance of credibility and fairness in the procedural development of this case." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 369 (D. Neb. 2004).

Dated: January 26, 2023

Respectfully submitted,

By: */s/ Shubra Ohri (w/consent)*

Amy E. Breihan (MBE #65499MO)
W. Patrick Mobley (MBE #63636MO)
Shubra Ohri (E.D. Mo. Bar No. 63098241L)
906 Olive Street, Suite 420
Saint Louis, Missouri 63101

RODERICK & SOLANGE MACARTHUR
JUSTICE CENTER


 */s/Maureen Hanlon (w/consent)*

Blake A. Strode (MBE #68422MO)
Jacki Langum (MBE #58881MO)
Maureen Hanlon (MBE #70990MO)

Brittney Watkins (MBE #73992MO)
Nathaniel R. Carroll (MBE #67988MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102

ARCHCITY DEFENDERS, INC.


*/s/Brendan Roediger (w/consent)*

Brendan Roediger (E.D. Mo. Bar No. #6287213IL)
Lauren Bartlett (MBE #71698MO)
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930

SAINT LOUIS UNIVERSITY SCHOOL OF LAW
LEGAL CLINICS


*/s/Oren Nimni*

Oren Nimni *admitted pro hac vice*
416 Florida Avenue, NW #26152
Washington, D.C. 20001

RIGHTS BEHIND BARS


*Attorneys for the Plaintiffs*