## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:21CV600 HEA |
| ) | |
| **CITY OF ST. LOUIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on Plaintiffs' Motion to Compel Inspection of City Justice Center [Doc. No. 233].

### Background

On October 7, 2022, Plaintiffs served Defendants a request to inspect at the St. Louis City Justice Center ("CJC") pursuant to Federal Rule of Civil Procedure 34(a)(2). Plaintiffs' claims relate to Defendants' policy or customs of deploying excessive amounts of chemical agents ("OC Spray") against people detained and depriving people detained at CJC of water.

After negotiations between the parties, Plaintiffs ultimately asked Defendants that their counsel and two expert witnesses be permitted to inspect several areas of the jail for two days, which includes where the chemical agents were deployed, inventoried, and stored, and the medical unit where people were treated after being sprayed. Plaintiffs also request to take photographs of and

videotape the relevant areas. Because of the *Monell* and putative class claims, Plaintiffs also request that their counsel and experts be permitted to speak with people detained at CJC because they are potential witnesses and putative class members and may have discoverable information.

In the instant motion, Plaintiffs argue an inspection is critical to litigate their claims, as the actions of Defendants they allege took place within the CJC facility, and Defendants have not identified with any specificity the burden an inspection longer than an hour will impose on Defendants.

Defendants objected to Plaintiffs' Request to Inspect, raising concerns surrounding security and disruptions to facility operations. During the parties' attempt to meet and confer, Defendants agreed Plaintiffs can view certain areas of CJC, but object that Plaintiffs' Request is overbroad.  The parties were ultimately unable to make an agreement.

## **Discussion**

Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Within the scope of Rule 26(b), a party may serve a request on any other party "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). "The request must describe with reasonable particularity each item or category of items to be inspected; must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b).

"When a responding party objects to a Rule 34 inspection, the Court should balance the parties' conflicting interests, including the degree to which the proposed inspection will aid in discovery and any undue burden on the opposing party." *Cody v. City of St. Louis*, 4:17CV2707 AGF, ECF No. 121, at *4 (E.D. Mo. October 31, 2019) (internal quotation omitted). "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted." *Id.* (citation omitted). "[Rule 26] vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.,* 352 F.3d 358, 361 (8th Cir. 2003). "Nonetheless, the party opposing a motion to compel

3

has the burden of showing the request is unduly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Cody,* 4:17CV2707 AGF, ECF No. 121, at *5 (citation omitted).

Based on Plaintiffs' claims relating to Defendants' policy or customs of deploying excessive amounts of chemical agents against people detained at CJC, and also depriving them of water, the Court finds an inspection of the CJC weighs heavily in favor of Plaintiffs to aid in discovery as it is the location where the allegations took place. Defendants raise concerns surrounding security and disruptions to facility operations. The Court agrees there should be limitations on the inspection, but Defendants ultimately fail to provide evidence of undue cost or burden implicated. Balancing the parties' conflicting interests, the Court will grant Plaintiffs' Motion in part and deny in part.

## Conclusion

The Court will grant the inspection of the CJC to include the inspection of CJC areas relevant to Plaintiffs' claims, specifically those areas relevant to the use of excessive amounts of OC Spray against Plaintiffs and putative class members; the inventory and storage area of the OC Spray; and the medical unit. The Court will allow Plaintiffs to take photographs of and videotape the relevant areas. The inspection will be limited to eight (8) hours and four (4) people. The Court will deny Plaintiffs' request to speak with people detained at CJC.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Inspection of City Justice Center [Doc. No. 233] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to inspect CJC areas relevant to Plaintiffs' claims, specifically those areas relevant to the use of excessive amounts of OC Spray against Plaintiffs and putative class members; the inventory and storage area of the OC Spray; and the medical unit is **GRANTED.** Plaintiffs are allowed to take photographs of and videotape the relevant areas.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to speak with people detained at CJC during the inspection is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer in good faith to schedule a date and time for Plaintiffs to complete their inspection as permitted by this Memorandum and Order. The inspection will be limited to eight (8) hours and four (4) people.

Dated this 26th day of January, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE