UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK JONES, JEROME JONES, MARRELL WITHERS, and DARNELL RUSAN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ST. LOUIS *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Cause No. 4:21-cv-600 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR SECOND MOTION TO COMPEL AND SANCTION**

Defendants, by and through counsel, move this Court to enter an order compelling Plaintiffs Derrick Jones, Marrell Withers, and Darnell Rusan to respond fully to Defendants' deposition questions.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The standard for discoverability is liberal. See *Bartis v. Biomet, Inc.* 2021 WL 2092785, at *1 (E.D. Mo. May 24, 2021). Relevancy in this context "is to be broadly construed . . . it encompasses any matter that could bear on, or that reasonably could lead to [an]other matter that could bear on, any issue that is or may be in the case." *Spring Lake Pork, LLC v. Great Plains Mgmt., LLC*, No. 2:19-CV-18 HEA, 2021 WL 3051902, at *2 (E.D. Mo. July 20, 2021) (citation and quotation omitted). A party may move to compel an answer when a deponent fails to answer a question asked under Rule 30 or 31. Fed. R. Civ. P. 37(a)(3)(B)(i). Rule 30 states, the court may impose an appropriate sanction—including

1

the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2). Rule 37(b)(2)(A)(i-v) establishes sanctions for failure to comply with a Court Order, including dismissing the action or proceeding in whole or in part.

## ARGUMENT

### I.   Derrick Jones Deposition

On January 12, 2023, Derrick Jones was properly noticed for a deposition at the Eastern Reception, Diagnostic and Correctional Center located in Bonne Terre, Missouri. Plaintiff Jones is one of the named plaintiffs who is alleging, among other things, in Plaintiffs' Third Amended Complaint that on December 14, 2020 he was maced without warning by Defendant Richards. (Doc. 131 at ¶19-23). Plaintiff Jones goes on to state that Defendant Richards and seven other Cos (corrections officers) knocked Mr. Jones to the ground and kicked and punched him in the head. Id. at ¶ 24. Additionally, Plaintiff has brought forth *Monell* claims of excessive force, claims of unlawful conditions of confinement, and is proposed class representative for claims of excessive force and unlawful conditions. Plaintiff Jones was being held at St. Louis City Justice Center ("CJC"), pending the adjudication of his criminal case of Robbery in the First Degree.

Plaintiff Jones was asked numerous questions related to his conditions of confinement, the nature of the charge he was being held on while at CJC, and the minutes immediately before and after he assaulted Defendant Sherry Richards. On the day of his deposition, Mr. Jones was asked:

```
24         Q.    Okay.  Did you see your right arm swing
25    towards Lieutenant Richard?
```

MASUGA REPORTING SERVICE<br>314/680-2424

Page 54

```
1               MS. BREIHAN:  Objection.
2          A.   No.
3               MS. BREIHAN:  I'm sorry, just for the record,
4       objection that this calls for self-incriminating
5       testimony and advise my client to invoke his Fifth
6       Amendment right and not answer the question on the
7       basis of that privilege.
```

Derrick Jones Deposition P. 54-55, 24-25; 1-7.

Defendants' counsel noted the invocation of Plaintiff's Fifth Amendment right and continued with the examination. Plaintiff had previously invoked his Fifth Amendment right and counsel for Defendants asked if Plaintiff's counsel was seeking to stop the deposition pursuant to Rule 30(d)(3) and Plaintiff's counsel indicated that they were not.

Defendants propounded Interrogatories to Plaintiff Jones in relation to Plaintiff Jones (Doc. 150-1 at P. 29). Plaintiff objected to Defendants' Interrogatories. Defendants filed a Motion to Compel, asking this Court to compel Mr. Jones to answer a question relevant to his claim of excessive force. This Court granted that motion in relation to Interrogatory 11 on August 8, 2022. On September 23, 2023, Plaintiff Jones renewed his objection based upon this Fifth Amendment right, with the additional information.

11. Did you strike Sherry Richard with your body or any object during the incident giving rise to your complaint?

8

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seems any admissions from Plaintiff that could be self-incriminating. This Interrogatory is improperly brought for the purpose of forcing Plaintiff to choose between his Fifth Amendment rights and his right to proceed against Defendant Richard for violations of his civil rights. Plaintiff further objects to the terms "strike" and "incident" as vague and ambiguous. Defendants offer no definition of those terms and therefore this Interrogatory asks Plaintiff to guess as to what it means. Subject to and without waiving the foregoing objection, Plaintiff states: On December 14, 2020 I did not strike Sherry Richard prior to her attacking me with OC spray in the face. After she sprayed me in the face, I was surprised, blinded, and in pain, and I believe I made unintentional contact with her before being tackled to the ground.

Defendants have already argued in their Motion to Compel Interrogatory Response and their Memorandum in Support of Defendants' Motion to Compel that Plaintiff Jones must answer these questions without invoking his Fifth Amendment privilege. Answering interrogatories "subject to objection" likewise violates the specificity requirement of Rule 33 Fed. R. Civ. Pro. In ordering the offending party to supplement their discovery responses without

4

objections, the court in Michael Fergin v. Westrock Co. 2017 U.S. Dist. LEXIS 197617 (D. Neb. Dec. 1, 2017) held:

> Simply stating that a response is "subject to" one or more general objections does not satisfy the "specificity" requirement, because, for example, it leaves the propounding party unclear about which of the numerous general objections is purportedly applicable as well as whether the documents or answers provided are complete, or whether responsive documents are being withheld.

*Id.* at *12-*13. (quoting *Liguria Foods, Inc. v. Griffith Labs, Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa 2017).

This Court granted Defendants' Motion to Compel in part, order Plaintiff Jones' full response to Interrogatory 11. (Doc. 165). Plaintiff Jones' conduct immediately before and after he was maced goes to the heart of his allegations and Defendants' defenses to those baseless allegations, namely Defendants' conduct was reasonable in the totality of the circumstances. Plaintiff's continued assertion of his Fifth Amendment privilege with respect to the incident of December 14, 2020 is in bad faith as this Court has already order Plaintiff to respond.

Additionally, Plaintiff was asked about his conduct during his time at CJC. Plaintiff was asked about pills found in his cell, his conduct related to sexually assaulting a staff member of the commissary company, Keefee, and inappropriate conduct related to the mental health staff at CJC. Plaintiff, under the advice of counsel, invoked his Fifth Amendment right for each question.

```
22        Q.   Do you recall in March of 2022 having a half
23   racquetball turned into an ashtray with a yellow sponge,
24   101 red pills, 75 white pills, and nine yellow pills in
25   it?
```

5

```
 1          MS. BREIHAN:  Objection to the extent it calls
 2      for incriminating testimony.  I'm advising my client
 3      to invoke the Fifth Amendment and to not answer the
 4      question.
```

Jones Deposition P. 76-77, 22-25; 1-4.

```
25          Q.   Do you recall in October of 2021 during when
```

```
 1  Keefe staff was passing out commissary you pulled out
 2  your penis and placed it on the staff member's hand?
 3          MS. BREIHAN:  Same objection that it's calling
 4      for self-incriminating testimony.  It's irrelevant.
 5      On the basis of the Fifth Amendment privilege, I'd
 6      instruct my client not to answer that question.
```

Jones Deposition P. 77-78, 25; 1-6.

```
12          Q.   Do you recall on multiple occasions when
13  Mental Health staff was making rounds that you were
14  masturbating in front of them while they -- while they
15  were checking your cells?  This would have happened in
16  October of 2021, September of 2021, and June of 2021.  Do
17  you recall any of those events?
18          A.   I choose not to answer that.
19          Q.   Okay.
20          A.   Refuse to.
```

Jones Deposition P. 78, 12-20.

6

Questions related to Plaintiff Jones' experience in CJC are directly relevant to Plaintiff's claims and Defendants' defenses in this case. Plaintiff has alleged a pattern and practice of indiscriminate uses of force but refuses to answer questions about his illegal and harmful conduct at CJC. Plaintiff is attempting to use the Fifth Amendment as a sword and shield in an effort to prejudice Defendants. Defendants Motion to Compel and for Sanctions against Plaintiff Jones should be granted. Plaintiff Jones should be ordered to answer questions without subject to his Fifth Amendment right, ordered to sit for a new deposition related to his assault on Defendant Richards, his use of drugs in the facility, his sexual assault of staff, and his criminal conviction of Robbery in the 1st degree, at Plaintiff's cost and reasonable attorney's fees assessed. In the alternative, the case should be dismissed for violation of the Court's Order (Doc. 165) and costs assessed against Plaintiffs pursuant to Rule 37(b)(2)(A).

## II.     Marrell Withers

Marrell Withers is a named plaintiff in this case who has alleged claims of excessive force, unlawful conditions of confinement, and is a prospective class representative for claims of excessive force, conditions, and sub-class conditions claims. Plaintiff Withers was properly noticed for deposition on January 13, 2023 at the Reception, Diagnostic and Correctional Center located in Bonne Terre, Missouri. Counsel for Defendants asked Plaintiff Withers questions about Plaintiff Withers' experiences while at CJC. Plaintiff Withers invoked his Fifth Amendment right against self-incrimination when asked questions related to his use of drugs in the facility, his experiences overdosing in the facility, and questions related to underlying charge of Murder in the First Degree for which he was confined at CJC.

Specifically, Plaintiff plead the Fifth for the following questions related to Plaintiff Wither's drug use while housed at CJC:

7

```
15        Q.    Were you using heroin in the Justice Center?
16              MS. WATKINS:  Objection, relevance.  Fifth
17   Amendment privilege.
18        Q.    Are you invoking your Fifth Amendment right on
19   this question?
20        A.    Yes.
```

Marrell Withers Deposition P. 13, 15-20.

```
23        Q.    Have you ever used heroin in the Justice
24   Center?
25              MS. WATKINS:  Objection, relevance.  Fifth
```

```
1    Amendment privilege.
2         A.    I'm invoking my Fifth Amendment.
```

Marrell Withers Deposition P. 15-16, 23-25; 1-2.

```
1         Q.    Okay.  Did you have a drug overdose in March
2    of 2022?
3         A.    I --
4               MS. WATKINS:  Objection, relevance.
5         A.    Yeah.
6               MS. WATKINS:  Fifth Amendment privilege.
7         A.    No, I'm invoking my Fifth Amendment.
```

Marrell Withers Deposition P. 87, 1-7.

Rule 26(b) states, "unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

8

claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). Plaintiff Withers' drug use is directly relevant to his confinement while at CJC. During his deposition, Plaintiff Withers admitted to using heroin while in detention. Defendant is entitled to inquire if Plaintiff Withers was using drugs at the time mace was used on him or any other time relevant to the allegations made in Plaintiff's Complaint.

      Plaintiff was asked questions about his recent conviction of murder in the second degree of a Mr. Samuel Spires. Rule 609 permits a party to attack a witness's character for truthfulness by evidence of a criminal conviction. Fed. R. Evid. 609(a). Plaintiff Withers has been convicted of Murder in the Second Degree by a jury of his peers. The nature of Plaintiff Withers' murder conviction is directly relevant to Defendants' defense as the probable cause statement showed Plaintiff Withers confessed to the murder and the murder was related to his drug addiction. Plaintiff Withers admitted to drug use while in CJC. Plaintiff Withers plead the Fifth when asked specifics about his drug use in the jail, preventing Defendants from the only source of information that is directly relevant to Defendants' defenses and Plaintiff's claims.

      Defendants respectfully request this Court order Plaintiff Withers to sit for a new deposition related to his drug use in the facility, his drug overdose at CJC, and the facts of his murder conviction

```
 9          Q.   All right.  Is it correct to say that you
10     confessed to the killing of Mr. Spires?
11               MS. WATKINS:  Objection.  Fifth Amendment
12          privilege is being invoked.
13          Q.   Are you invoking your Fifth Amendment
14     privilege?
15          A.   Yes.
16               MR. MARTINEZ:  Certify the question.
17               (At this point, the question beginning on
18               Page 100, Line 9 was certified.)
19               (Questions by Mr. Martinez)
20          Q.   And is it correct that the motivation for
21     killing Mr. Spires was that he stole your drugs?
22               MS. WATKINS:  Objection.  Fifth Amendment --
23          A.   Fifth Amendment.
24               MS. WATKINS:  -- privilege is being invoked.
```

Marrell Withers Deposition P. 100, 9-24.

Plaintiff Withers' murder conviction is directly relevant to what Defendant officers may have known about Plaintiff Withers at the time mace was used and this Court should grant Defendants' Motion to compel testimony of the background to Plaintiff Withers' murder convictions at Plaintiff's cost and reasonable attorney's fees assessed. In the alternative, the case should be stayed pending Plaintiff's appeal of his conviction or the tolling of the statute of limitation for his drug possession and use in a maximum security facility. Alternatively, Plaintiff's claims should be dismissed.

## CONCLUSION

For the reasons stated above, Defendants hereby pray the Court enter an order compelling Plaintiffs Derrick Jones and Marrell Withers to sit for a second deposition. Plaintiff Jones must answer questions about his assault on Sherry Richards, possession of pills, sexual assault on Keefee staff, exposing himself to medical staff, and his conviction of Robbery in the First degree. Plaintiff Withers must answer questions related to specific use of narcotics while at CJC between December 2020 to September 2022 and questions related to his murder conviction. Answers are not to be subject to the Fifth Amendment. Alternatively, Defendants ask this court to dismiss Plaintiff's Complaint or in the alternative, stay this case pending appeals.

Defendants ask this Court to apply sanctions under Rule 37 and award Defendants' attorneys' fees connected with bringing this motion. Defendants' questions related to Derrick Jones' assault on Sherry Richard was the subject of their last Motion to Compel that was granted in part. Plaintiffs are in violation of a Court Order in an attempt to impeded the fair examination of Plaintiffs. Sanctions are appropriate here to deter Defendants from further discovery misconduct and in order to "restore some semblance of credibility and fairness in the procedural development of this case." Carlson v. Freightliner LLC, 226 F.R.D. 343, 369 (D. Neb. 2004).

Dated: January 27, 2023

Respectfully submitted,
SHEENA HAMILTON
CITY COUNSELOR

*/s/ Adriano Martinez*
Adriano Martinez, 69214 MO
Assistant City Counselor
Martineza@stlouis-mo.gov
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-4651
Fax 314-622-4956
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify the foregoing was electronically filed on January 27, 2023, with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Adriano Martinez