# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:21CV600 HEA |
| ) | |
| **CITY OF ST. LOUIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION, MEMORANDUM AND ORDER

There are various discovery motions now pending in this matter. They are Plaintiffs' Motions to Clarify [Doc. No. 174] and Compel and Enforce Subpoena [Doc. No. 240] which will be granted; Defendants' Motion for Sanctions [Doc. No. 197] which will be denied; and Defendants' Motion to Quash [Doc. No. 207] which will be denied as moot.

<u>Plaintiffs' Motion to Clarify [Doc. No. 174]</u>

Plaintiffs asks the Court to clarify its August 2, 2022 Order, which granted in part and denied in part Defendant' motion to compel responses to various Interrogatories. *See* Doc. No. 165.  Defendants have not filed a response.

Plaintiff is seeking clarification as to Interrogatory 11 directed to Plaintiff Jerome Jones and Interrogatory 13 directed to Derrick Jones.  Interrogatories that were same or similar to those in question were previously denied as vague,

overboard and irrelevant. Therefore, Interrogatory 11 directed to Plaintiff Jerome Jones and Interrogatory 13 directed to Derrick Jones will also be denied as vague, overboard and irrelevant as phrased.

Defendants' Motion for Sanctions [Doc. No. 197]

Defendants contend Plaintiffs intentionally failed to comply with the Court's August 2, 2022 Order regarding answers to various Interrogatories. Defendants request the Court grant its Motion for Sanctions pursuant to Rule 37 and dismiss Plaintiffs' Complaint and award relevant costs accrued. Plaintiffs' response in opposition explains they had not responded to the Interrogatories that were the subject of their Motion to Clarify the Court's August 2, 2022 Order, as discussed above.

While discovery in this matter has been and continues to be clouded, murky, and unnecessarily contentious, Plaintiffs' representations in their response convince the Court that they did not intentionally fail to comply with the Court's Order as they sought clarification of the Order. Plaintiffs maintain they communicated with Defendants about their intent to file a motion for clarification. Therefore, Defendant's Motion for Sanctions will be denied. Plaintiffs will be ordered to comply with the Court's August 2, 2022 Order now that clarification has been given in this Order. The parties are further reminded of the importance of their obligation to comply with Local Rule 3.04.

Defendants' Motion to Quash [Doc. No. 207]

Defendants' move to quash Plaintiffs' request to inspect the St. Louis City Justice Center (CJC). Defendants' Motion will be denied as moot since this issue has already been resolved in the Court's January 26, 2023 Order, granting in part and denying in part Plaintiffs' Motion to Compel Inspection of the CJC. *See* Doc. No. 245.

Plaintiffs' Motion to Compel and Enforce Subpoena [Doc. No. 240]

Plaintiffs' request the Court to compel and enforce a subpoena properly served to the St. Louis City Circuit Attorney's Office (CAO) on October 4, 2022. No responses been filed to the instant motion.

Plaintiffs served a subpoena duces tecum on the CAO for the following records to be produced by October 22, 2022:

> Please produce any and all non-privileged documents related to investigations of the St. Louis City Justice Center (CJC), conducted by or otherwise involving the Circuit Attorney's Office, within the last five years. This includes, but is not limited to, investigations into conditions of confinement at CJC, detainee concerns, broken locks, use of chemical agents, use of force, and complaints and conduct of correctional officers including supervisors, lieutenants, and captains.

According to Plaintiffs, on November 14, 2022, the CAO confirmed they were "investigating whether there are any records responsive to your request" and promised to be in touch "when we have further information." Since then, Plaintiff

3

contends they have reached out to the CAO four times, most recently on January 9, 2023, with no response.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties in a federal civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional needs of the case…" Third party subpoenas are "subject to the same discovery limitations as those set out in Rule 26." *Taber v. Ford Motor Company*, 2017 WL 3202736 at *2 (W.D. Mo. July 27, 2017) (citation omitted). Federal Rule of Civil Procedure 45(a)(1)(A)(iii) designates a person may serve a subpoena commanding a nonparty "to produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control…" The Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Courts have wide latitude in deciding motions to quash civil, third-party subpoenas. *Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726, 729 (8th Cir. 2002).

Here, the Court does not have any information that the subpoena at issue seeks privileged or protected information. In fact, Plaintiffs specifically request "any and all *non-privileged* documents…" The CAO has acknowledged the subpoena and its intent to look for any responsive documents, but has miserably failed to comply to date. Therefore, Plaintiff's Motion to Compel and Enforce

4

Subpoena will be granted, and the CAO will be ordered to produce all records responsive to the subpoena within twenty (20) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Clarify Order [Doc. No. 174] is **GRANTED.**

**IT IS FURTHER ORDERED** that Interrogatory 11 directed to Plaintiff Jerome Jones and Interrogatory 13 directed to Derrick Jones are **DENIED** as vague, overboard and irrelevant as phrased.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions [Doc. No. 197] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs comply with the Court's August 2, 2022 Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash [Doc. No. 207] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and Enforce Subpoena [Doc. No. 240], served on the St. Louis City Circuit Attorney's Office on October 4, 2022, is **GRANTED.**

**IT IS FURTHER ORDERED** that the St. Louis City Circuit Attorney's Office produce any and all non-privileged documents within twenty (20) days from the date of this Order, related to investigations of the St. Louis City Justice Center

5

(CJC), conducted by or otherwise involving the Circuit Attorney's Office, within the last five (5) years. This includes, but is not limited to, investigations into conditions of confinement at CJC, detainee concerns, broken locks, use of chemical agents, use of force, and complaints and conduct of correctional officers including supervisors, lieutenants, and captains.

Dated this 17th day of February, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE