**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DERRICK JONES, JEROME JONES, MARRELL WITHERS, and DARNELL RUSAN, | ) ) ) ) |
| Plaintiffs, | ) Cause No. 4:21-cv-600 |
| v. | ) ) ) |
| CITY OF ST. LOUIS *et al.*, | ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL AND SANCTIONS**

Defendants have a right to defend themselves against Plaintiffs' frivolous allegations. Defendants' line of questioning directly relates to two individual plaintiffs' experiences and actions while detained in the very jail they allege their rights were violated. Plaintiffs' continue to use the Fifth Amendment as a sword and shield in an effort to hinder Defendants' ability to adequately prepare for their defense. Plaintiffs Derrick Jones and Marrell Withers should be required to answer questions about their conduct during the relevant times of Plaintiffs' complaint, including criminal conduct they engaged in while housed at the St. Louis City Justice Center.

**I.     Defendants Complied with Rule 3.04.**

Rule 3.04, states that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. Defendants have pled that during the deposition Defendants asked if Plaintiffs sought to stop the deposition pursuant to Rule 30(d)(3) and Plaintiff's counsel stated they did not and were advising their client invoke

their Fifth Amendment right against self-incrimination. The two depositions were conducted in person at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri (ERDCC). Unlike written discovery, parties were seated face to face and defense counsel asked directly if plaintiffs' counsel would be seeking to stop or limit the deposition on the grounds that the deposition was being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party, pursuant to Rule 30(d)(3). Plaintiffs' counsel stated that they would not. There was no reason to have additional conversations as Plaintiffs' position was clear that they would not be answering Defendants' questions. At that point, defendants satisfied the requirements under Rule 3.04, where parties, in person attempted to resolve the dispute. Plaintiffs' argument that Defendants did not confer with Plaintiffs is erroneous.

## II.     Defendants Seek Information Relevant to Plaintiffs' Claims and Defendants' Defenses.

Plaintiffs have claimed that their Constitutional rights have been violated while they were detained at CJC. Plaintiff Derrick Jones savagely attacked Sherry Richards. Derrick Jones was found to have pills in his cell. It is only logical that Derrick Jones may have been under the influence of narcotics when he assaulted Ms. Richards. Defendants will not be able to adequately prepare for their defense until they know if he was using narcotics while housed at CJC. Marrell Withers testified that he was using narcotics while housed at CJC. Again, it would stand to reason that if Mr. Withers was under the influence of narcotics that would be relevant to Plaintiffs' claims and Defendants' defenses. Additionally, if Plaintiffs are committing crimes in CJC, creating dangerous situations that requires correctional officers to respond would be relevant to their conditions claims. Finally, evidence of criminal convictions is not only relevant

but admissible in civil cases for the purposes of impeachment evidence under Rule 609 and use of narcotics is evidence of a person's habit under Rule 406.

### A. Marrell Withers compelled to testify about allegations of criminal conduct, including his underlying criminal charges.

As of August 2022, Marrell Withers was convicted of murder in the second degree and armed criminal action. Rule 609 permits impeaching a witness's character for truthfulness by evidence of a criminal conviction: for a crime that, in the convicting jurisdictions, was punishable by death or by imprisonment for more than one year, the evidence: must be admitted, subject to Rule 403, in a civil case. Fed.R.Evid. 609. Murder in the second degree in the state of Missouri satisfies the requirements of Rule 609. Mr. Withers' conviction is admissible to allow a jury to determine his character for truthfulness. The details surrounding his conviction is directly relevant, particularly the fact that Mr. Withers was alleged to have been under the influences of narcotics at the time of the murder. Plaintiffs cite the requirement for admissibility at trial. Defendants seek specific information related to his drug use and his history of violence due to that drug use.

Mr. Withers stated in his deposition that he used narcotics from 2017 through 2022. Mr. Withers was housed at CJC from December 2020 through August 2022. Mr. Withers' testimony that he was using illegal narcotics throughout his detention at CJC. Marrell Withers has never been charged with possession of narcotics at CJC. There are no pending indictments that Defendants or Plaintiffs are aware of that indicate that Mr. Withers is under investigation for his criminal behavior at CJC. Plaintiffs' cite that Defendants Jones and Wills were not aware of Mr. Withers' using narcotics but that does not change the fact that Mr. Withers' use of narcotics is directly relevant to his state of mind and would inform the jury as to why he repeatedly refused to comply with corrections officers' orders and why he made threatening remarks. Plaintiffs

concealment of Mr. Withers' use of narcotics while in the facility flies in the face of Rule 26 as the information is clearly relevant to his experiences at CJC. Plaintiff should be compelled to answer questions about his drug use during the murder and while detained at CJC.

**B.      Derrick Jones' criminal conduct while detained at CJC is relevant to Plaintiffs' claims and Defendants' defenses.**

Defendants seek the fair examination of Plaintiff Derrick Jones in the form of a deposition as they are entitled under Rule 30. Derrick Jones has alleged claims of excessive force, punitive conditions, and the deprivation of water. The scope of the information sought has been limited to the Plaintiff's time at CJC, November 3, 2020 to the end of his stay at CJC after he was convicted of Robbery in the first degree and armed criminal action on June 29, 2022. Plaintiffs' argument is that information is only relevant if Defendant officers were aware of that conduct at the time of the use of mace. They are mistaken. Plaintiffs' have alleged more than just excessive force related to their claims. Plaintiffs have argued that there is a pattern and practice of excessive force. Therefore, it is only natural that Defendants must examine every indiscretion that Plaintiff Derrick Jones was involved in and ask relevant follow up questions about how he was treated.

Plaintiff Derrick Jones' sexual assault on staff members is an example of an interaction that Defendants may point to that shows that corrections officers used restraint in force when addressing detainees' criminal behavior inside the jail. Derrick Jones was not maced after he sexually assaulted a staff member. Yet, Plaintiffs continue to pursue the argument that corrections staff indiscriminately uses mace to punish inmates. Without knowing more information about the incident, Defendants are blind to potentially relevant evidence that may exist. Similarly, plaintiff's drug use is directly relevant to his time and experiences at CJC. While the officers' perception of the whether plaintiff was on drugs at the time of the incident is

important, if in fact he was under the influence at the time of the incident is still relevant, independent of the officers' perception. Defendants' line of questioning is not meant to intimidate. They meant to seek facts that directly relate to Plaintiffs' claims and relevant defenses. Plaintiffs wanton disregard for corrections policies and willful criminal conduct in a maximum security facility must be investigated in order to have a full understanding of the incidents at question in this case.

**III.     Plaintiff Derrick Jones non-compliance with Court Order**

As previously stated in Defendants' Motion to Compel, Plaintiff Derrick Jones continues to answer questions subject to his Fifth Amendment right related to whether or not he struck Defendant Sherry Richards. Plaintiff Jones' deposition response mirrors the interrogatory response. Plaintiff has been ordered by this Court to fully answer the question. The continued subjection of the responses to his Fifth Amendment right after the Court has order a full answer does not comply with established law. Defendants request here is that he answer the questions fully and without subjecting them to his Fifth Amendment right, as previously ordered by this Court.

**IV.     Defendants' Motion for Sanctions is consistent with Rule 30(d)(2).**

Plaintiffs have unfairly impeded and frustrated Defendants' ability to fairly examine two plaintiffs. The testimony of these witnesses is absolutely necessary in order for Defendants to prepare for their defense. Plaintiffs have baselessly invoked their Fifth Amendment rights on the issues of drug use, sexual assault, and prior criminal convictions. Defendants believe that the adequate remedy is that Plaintiffs be required to answer questions relevant to the conditions of their confinement and their conduct during that confinement, which common sense requires. Plaintiffs are confined in a state facility which creates additional expenses. Plaintiff Derrick

Jones' refusal to answer questions about him striking Sherry Richards, in the face of this Court ordering that he answers the question, is a willful violation of an order and sanctions are appropriate. Plaintiffs continued attempts to prevent meaningful discovery is prejudicial to Defendants and absent Plaintiffs' willingness to cooperate, dismissal is appropriate.

For all these reasons, Defendants' Motion to Compel and for Sanctions should be granted.

Dated: February 21, 2023            Respectfully submitted,

                                                    SHEENA HAMILTON
                                                    CITY COUNSELOR

                                                    */s/ Adriano Martinez*
                                                    Adriano Martinez, 69214 MO
                                                    Assistant City Counselor
                                                    Martineza@stlouis-mo.gov
                                                    1200 Market St.
                                                    City Hall, Rm 314
                                                    St. Louis, MO 63103
                                                    314-622-4651
                                                    Fax 314-622-4956
                                                    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing was electronically filed on February 21, 2023, with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

                                                                                                        /s/ Adriano Martinez