# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:21CV600 HEA |
| ) | |
| **CITY OF ST. LOUIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on Plaintiffs' Motion to Compel Deposition of Commissioner Clemons-Abdullah [Doc. No. 235]. Defendants have filed their response in opposition. For the reasons set forth below, Plaintiffs' Motion will be granted.

## Background

On or about November 9, 2022, Plaintiffs served their Notice of Deposition to Defendants for Commissioner Clemons-Abdullah as a fact witness with respect to Plaintiffs' *Monell* and injunctive relief claims. Clemons-Abdullah is the chief administrative officer and appointing authority of the Division of Corrections, who began as commissioner on September 13, 2022. Defendants filed a motion to quash the deposition and requested a protective order, which the Court granted in part and denied in part. The Court ordered the parties to meet and confer

regarding the deposition at issue. The parties were unable to reach an agreement, as Defendants are unwilling to produce Clemons-Abdullah for a deposition without a Court Order.

Plaintiffs argue Clemons-Abdullah has first-hand knowledge about the current policies and procedures of the St. Louis City Justice Center's (CJC) use of mace, use of force and water shut-offs, which is relevant to their allegations that CJC has a widespread practice of excessive use of mace, force, and shutting off water to inmates as punishment. Plaintiffs point out that Defendants identified Clemons-Abdullah as a potential witness in their Federal Rule of Civil Procedure 26(a)(1) disclosures, and consented to the deposition of former Commissioner, Dale Glass.

Defendants' response in opposition maintains that Clemons-Abdullah's deposition will result in repetitive discovery, as fourteen depositions of CJC staff have already been conducted, and she will not have anything new to add. Defendants contend all but one incident alleged in Plaintiffs' Third Amended Complaint were prior to Clemons-Abdullah's appointment, and she has no firsthand knowledge regarding Plaintiffs' claims. Additionally, Defendants argue as a high-ranking official, Clemons-Abdullah is shielded from being deposed. Defendants argue that although they did list Clemons-Abdullah as someone who

may have discoverable information, at no time did Defendants endorse her as a witness.

## Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 contains specific limitations relative to objections to providing discovery:

> (C) *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to

move for a motion compelling disclosure after having made a good faith effort to resolve the dispute by conferring first with the other party. See Fed. R. Civ. P. 37(a).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2007 (3d ed. Oct. 2020 update). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.*, quoting *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).

"Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy ... encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Soc'y*, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007), quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Federal Rules distinguish between discoverability and admissibility of evidence. Fed. R. Civ. P. 26(b)(1), 32, and 33(a)(2) & (c). Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. But these considerations are not inherent barriers to discovery.

## Discussion

The Court finds Plaintiffs' reasons in support of deposing Clemons-Abdullah relevant and within the proper scope of discovery. Plaintiffs explain that Clemons-Abdullah is in the unique position to offer her first-hand and personal knowledge about the current policies and procedures of the CJC, closely related to the issues in this lawsuit regarding the use of mace, use of force and water-shut offs. In support, Plaintiffs' offer several examples from emails and depositions that Clemons-Abdullah is involved in decision and policy making related to the relevant polices and procedures, such as a review of use of force reports in a weekly meetings and her authority to determine if further investigation of such incidents is warranted. Defendants themselves even identified Clemons-Abdullah as a potential witness in their Federal Rule of Civil Procedure 26(a)(1) disclosures, stating she likely would have discoverable information from her knowledge of "…policies, procedures, practices implemented in CJC; records retention." See Doc. No. 236-8 at 2. It is true, as Defendants argue, high-ranking government officials generally enjoy limited immunity from being deposed in matters about *which they have no personal knowledge*. See *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994). However, that is not the case here as the information sought is related to Clemons-Abdullah's personal knowledge. It is also worth noting

5

Defendants consented to the deposition of former Commissioner, Dale Glass, and did not raise an objection under the high-ranking government official exception.

## Conclusion

Plaintiffs have demonstrated that Clemons-Abdullah possesses information, which is relevant and essential to their allegations. Plaintiffs have also demonstrated that they cannot obtain the information sought through other, less burdensome means of discovery because Clemons-Abdullah has first-hand and personal knowledge of the policies, procedures, and practices implemented in the CJC. Plaintiffs' Motion will be granted and the Court notes that due to the time line of alleged events in relation to the tenure of Clemons-Abdullah the deposition inquiry is limited to policies, procedures, and practices implemented in CJC and matters related to records retention.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Deposition of Commissioner Clemons-Abdullah [Doc. No. 235] is **GRANTED.**

Dated this 23rd day of February, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE