# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:21CV600 HEA |
| ) | |
| **CITY OF ST. LOUIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on several discovery motions. For the reasons set forth below, Plaintiffs' Third [Doc. No. 175], Sixth [Doc. No. 244] and Seventh [Doc. No. 249] Motions to Compel and Motion to Enforce Order Compelling Inspection and for Sanctions [Doc. No. 274] will be denied; and Defendants' Second Motion to Compel [Doc. No. 251] and Motions for Sanctions [Doc. No. 270] will be denied.

Pursuant to Local Rule 3.04(A), which states that the Court will not consider any motion related to discovery and disclosure unless the motion contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in **good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute**, counsel are unable to reach an

accord. The parties have been reminded of their obligation by the Court to comply with Local Rule 3.04 repeatedly through the course of this case.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties in a federal civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional needs of the case…" Fed. R. Civ. P. 26(b)(1). Rule 26 contains specific limitations relative to objections to providing discovery, including when the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to move for a motion compelling disclosure *after having made a good faith effort to resolve the dispute by conferring first with the other party.* See Fed. R. Civ. P. 37(a) (emphasis added).

In light of the particularly contentious and unnecessarily lengthy history of discovery issues in this case, the Court has no reason to believe the parties have participated in good faith, or made reasonable efforts to do so, to sincerely resolve their disputes. Although the parties routinely state that they have attempted to resolve the discovery disputes in this matter, the Court queries whether the efforts are sincere in that the parties have filed a variety of confusing discovery motions, often with ill-conceived attempts to blame and point the finger at one another. The

Court warns the parties that it will no longer entertain their continuous filings of contentious, confusing and frivolous motions without consequence. The Court's inherent power includes the discretionary "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991); *Stevenson v. Union Pac. R.R. Co*., 354 F.3d 739, 750 (8th Cir. 2004). The Court will not hesitate to issue sanctions for failure to comply with its numerous orders for the parties' to meet their obligations pursuant to Local Rule 3.04.

The parties, especially Plaintiffs, are reminded that when seeking discovery, the requesting party must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." *Woodmen of the World*, 2007 WL 1217919, at *1 (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993)). *"Mere speculation that information might be useful will not suffice;* litigants seeking to compel discovery must describe[,] with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." *Woodmen of the World*, 2007 WL 1217919, at *1, citing *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972) (emphasis added).

In the letter and spirit of Local Rule 3.04 and Federal Rule of Civil Procedure 26, the Court urges the parties and their counsel to work cooperatively

3

and in good faith to tailor discovery to the needs of the case and to save their most zealous advocacy for those issues necessary to resolve the merits of the legal claims. The Court will order the parties to meet and seriously confer in person, and in good faith, on the resolution of any outstanding discovery matters. The parties will be further ordered to submit a joint status report within thirty days from the date of this Order outlining any remaining disputes, including the date, time, length, and manner of such in person conference, and the names of the individuals participating therein, and must state with specificity the good faith efforts made to confer with each other.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Third [Doc. No 175], Sixth [Doc. No. 244] and Seventh [Doc. No. 249] Motions to Compel are **DENIED** at this time for failure to comply with Local Rule 3.04.

**IT IS FURTHER ORDERED** that Defendants' Second Motion to Compel [Doc. No. 251] and Motions for Sanctions [Doc. No. 270] are **DENIED** at this time for failure to comply with Local Rule 3.04.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Compel and Motion to Enforce Order Compelling Inspection and for Sanctions [Doc. No. 274] is **DENIED** at this time for failure to comply with Local Rule 3.04.

**IT IS FURTHER ORDERED** that the parties are to meet and seriously confer **in person,** and in good faith, on the resolution of any outstanding discovery matters.

**IT IS FURTHER ORDERED** that the parties submit a **JOINT** status report within thirty (30) days from the date of this Order outlining any remaining disputes. The status report must also include the date, time, length, and manner of such in-person conference, and the names of the individuals participating therein, and must state with specificity the good faith efforts made to confer with each other.

Dated this 27th day of February, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE