# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CITY OF ST. LOUIS, et al.,** )<br>)<br>**Defendants.** ) | Case No. 4:21CV600 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on the remaining discovery disputes between the parties. The Court previously ordered the parties to meet and confer in good faith in its Order dated February 27, 2023 [Doc. No. 276]. The parties complied, and counsel met and seriously conferred in person pursuant to the Court's Order. The parties filed a joint status report that indicated they resolved most of their discovery disputes [Doc. No. 282]. However, three issues remain, and the parties cannot reach an agreement.

<u>Inspection of the Criminal Justice Center</u>

The Court's Order, dated January 26, 2023, granted in part and denied in part Plaintiffs' Motion to Compel Inspection of City Justice Center (CJC) [Doc. No. 245], allowing Plaintiffs to inspect the CJC areas relevant to Plaintiffs' claims, specifically those areas relevant to the use of excessive amounts of OC Spray

against Plaintiffs and putative class members,[1] the inventory and storage area of the OC Spray, and the medical unit.

The CJC inspection has been completed. Plaintiffs now request another CJC inspection to view the intake/admissions area of the jail. Plaintiffs maintain this area of the jail is relevant because there are several documented use of force incidents involving OC Spray that occurred in the intake/admissions area. Defendants argue that the Court's Order provides for the inspection of the CJC limited to areas relevant to the Plaintiffs' claims. Plaintiffs allege conditions of excessive and unconstitutional uses of OC spray in specific areas, which do not include the intake/admissions area. The Court agrees with Defendants, and Plaintiffs' request for another CJC inspection to view the intake/admissions area will be denied.

Video Preservation

On January 27, 2023, this Court ordered Defendants to continue to preserve any relevant discoverable surveillance and video footage at the CJC, consistent with the requirements under the Federal Rules of Civil Procedure [Doc. No. 248]. Plaintiffs request that the Court order Defendants' counsel to provide documentation demonstrating that relevant videos are being preserved, for example

---

[1] Plaintiffs' Motion to Certify Class has since been denied by this Court [Doc. No. 280]. Plaintiffs have renewed their Class Motion, proposing a narrower class definition, which is pending.

2

an employee declaration, confirming compliance with the Court's Order to preserve all video footage showing the use of OC Spray at CJC. The Court finds its January 27, 2023 Order is sufficient, and Plaintiffs' request for additional documentation from Defendants regarding video preservation will be denied.

Use of Force Reports

Plaintiffs acknowledge that Defendants have produced Use of Force Reports involving OC spray with the named parties. However, Plaintiffs argue that this production is incomplete because it does include the 2018-2022 time period or the reports involving non-parties. Defendants are in possession of approximately 1,200-2,100 reports related to the use of force, but not OC spray. Defendants agreed to produce these Reports that relate to OC spray only if Plaintiffs agreed to a protective order. Plaintiffs assert Defendant City of St. Louis already produced these reports in response to a Sunshine request, thereby acknowledging that they are open records and do not warrant a confidentiality designation. Also, Plaintiffs claim Defendants have produced Reports in this case without demanding a protective order.

It is unclear if all the requested reports have been produced pursuant to a Sunshine request, or only some of the reports. Therefore, the Court will order additional clarification from the parties on this dispute. The parties will be ordered to clarify what reports were previously disclosed in response to the Sunshine request, and to describe the difference, if any, between the reports Plaintiffs request

3

and those provided in the Sunshine disclosure. Defendants will also be ordered to explain why a protective order is necessary to any reports already provided in response to a Sunshine request. The parties will be given ten (10) days from the date of this Order to provide this clarification.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' request for another inspection of the Criminal Justice Center to view the intake/admissions area will be **DENIED.**

**IT IS FURTHER ORDERED** that the Court's January 27, 2023 Order is sufficient, and Plaintiffs' request for additional documentation from Defendants regarding video preservation is **DENIED.**

**IT IS FURTHER ORDERED** that within ten (10) days from the date of this Order, the parties clarify what reports were previously disclosed in response to the Sunshine request, and to describe the difference, if any, between the reports Plaintiffs request and those provided in the Sunshine disclosure.

**IT IS FURTHER ORDERED** that within ten (10) days from the date of this Order, Defendants clarify why a protective order is necessary to any reports already provided in response to a Sunshine request.

Dated this 5th day of May, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE