# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DERRICK JONES, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 4:21-cv-600 |
| | ) |
| CITY OF ST. LOUIS *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs' latest motion is yet another example of Plaintiffs' bad faith filings that are meant to unduly burden Defendants and waste the Court's time. Plaintiffs have filed eight motions to compel over the course of this case and, most recently, were ordered to meet and confer with Defendants' counsel in order to resolve outstanding discovery issues. On March 22, 2023, counsel for Plaintiffs and Defendants met in person to discuss outstanding discovery issues. Parties agreed that Plaintiffs' counsel would create a list of incidents they sought videos in relation to and Defendants would produce responsive videos in their possession. Plaintiffs provided a list of 672 incidents (some duplicative) where OC spray was allegedly used. Plaintiffs additionally requested defense counsel provide documentation demonstrating that relevant videos are being preserved. The incidents occurring between 2018 and February 2022. A joint status report was filed, outlining the remaining issues. Doc. 282.

On April 26, 2023, Plaintiffs filed this Motion for Sanctions, alleging Defendants have failed to preserve videos that they believe are relevant to their claims because Defendants' counsel has not responded to an email confirming Defendants' preservation of videoes. However, on May 5, 2023 the Court ordered "its January 27, 2023 Order is sufficient, and

Plaintiffs' request for additional documentation from Defendants regarding video preservation will be denied." Doc. 305 at 3. After Plaintiffs reviewed the Court's May 5, 2023 order Plaintiffs had a responsibility to withdraw this Motion for Sanctions. However, as of the filing of this document they clearly have not done so. Defendants have been in communication with Plaintiffs about the status of videos that parties agreed to produce. Defendants were told that Plaintiffs would produce an external hard drive for videos to be placed on and returned. Plaintiffs failed to provided that hard drive until May 1, 2023, five days after the filing of this motion. Once the hard drive was delivered, undersigned counsel communicated that the review of the video files was not completed as he anticipated and he hoped to have the videos to them by the close of business on Friday, May 5, 2023. Undersigned counsel realized that the review of the video files was inadequate and personally reviewed 13,931 files over the course of approximately 60 hours and identified 90 responsive videos. Videos were provided to Plaintiffs on May 8, 2023. The 90 additional videos are completely separate from Plaintiffs' individual claims of force.

**Plaintiffs have not shown an intentional destruction indicating a desire to suppress the truth.**

Defendant City of St. Louis produced 90 additional videos within the last few days that clearly shows they are not intentionally destroying videos. Plaintiffs make sweeping accusations that relies on speculation, conjecture, and Defendant's counsel refusal to provide assurances to Plaintiffs about video preservation, correctly taking the position that they are not required by any rule or order to make such assurances. Undersigned counsel stated in the meet and confer that Defendants are aware of the Court's January 27, 2023 order and are complying with the Court's order. The majority of the videos provided are from incidents occurring in 2021 and the first two months of 2022. In fact, of the forty five incidents identified by Plaintiffs from January and February 2022, Defendants were able to produce videos responsive to no less than twenty seven

incidents. Defendants have not intentionally destroyed anything and there is no evidence that those videos that may have not been retained was due to any intentional or willful act by Defendants.

The State of Missouri's General Records Retention Schedule's minimum retention schedule for security camera video recordings is 30 days. https://www.sos.mo.gov/CMSImages/LocalRecords/General.pdf. Defendants have provided videos from as early as 2018. Plaintiffs state, 'the City was, as a matter of practice, allowing for the deletion of the majority of video evidence relevant to this case." Doc 299. at 9. This is categorically false. The Plaintiffs have brought a number of individual uses of force claims against various officers and are attempting to shoe string them as a pattern. The videos at issue in this motion are not evidence of anything related to Plaintiffs' claims. The videos of the uses of force related to Plaintiffs have been preserved and provided to Plaintiffs over the course of this lawsuit. There were incidents that were not captured on camera. There is a practical reality that Plaintiffs casually ignore, not every square inch of the facility has a camera.

Plaintiffs incorrectly believe that they are entitled to all instances of surveillance footage if OC spray is used is not based in law. Defendants have spent hours pouring over footage that has been preserved and provided said footage to Plaintiffs. It needs to be stated, discovery in this case closed on January 16, 2023 Doc. 219. Plaintiffs agreed to limit their discovery requests of videos related to the 672 uses of force incidents (some duplicative) based upon the use of force reports that they received. Defendants reviewed all videos in their possession and provided those that were responsive to their request. This should have resolved the matter.

Plaintiffs' speculate that the footage that may have not been retained is relevant to their Monell claim or their class claims. Plaintiffs' class claims were denied on March 13, 2023. Doc

280. Plaintiffs have filed a motion to renew class certification. That will soon be denied as well. Plaintiffs' Monell claims relate to a pattern and practice that created an unwritten policy. However, the last incident plead by Plaintiffs occurred on January 6, 2022. Any video after that date would not be relevant or proportional to the needs of Plaintiffs' case as limited by Rule 26(b)(1). Defendants additionally have retained hundreds of videos from 2022, and would be willing to provide an in camera review of Defendants' video file to show the Court that Defendants are complying with the preservation order. Defendants could also produce all videos preserved for 2023 if necessary, however, those are not currently in counsel's possession.

**Plaintiffs fail to satisfy Rule 37 requirements.**

First, electronically stored information must be lost. As stated above, that is not the case here. Second, Rule 37 states there must be a showing that electronically stored information cannot be restored or replaced through additional discovery. Here, Plaintiffs have been provided 90 additional videos and have been informed that Defendants are complying with the Court's order. The 90 videos alone show Defendants are not destroying electronically stored information. Plaintiffs have been provided use of force reports. The reports explicitly state the facts and individuals involved in each circumstance. Plaintiffs could, if they believed the information was actually relevant or valuable, seek to interview witnesses to determine if a recording's absence would actually cause prejudice. Plaintiffs' claims of prejudice are speculative and are an attempt to avoid the need to litigate the flimsy merits of their claims. Plaintiffs fail to satisfy the first requirement of Rule 37. Next, Rule 37 states, "only upon finding that the party acted with the intent to deprive another part of information's use in the litigation may; (A) presume that the lost information was unfavorable to the party, (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment."

Plaintiffs have not shown intent to deprive information's use in litigation. The Court need not consider remedies. Plaintiffs have filed this motion before the Court has ruled on dispositive motions, and therefore this action is also premature.

Defendants are complying with the January 27, 2023 preservation order. Defendants have provided Plaintiffs with 90 videos by agreement of the parties. Defendants are willing to demonstrate to the Court through in camera review of their file that they have preserved videos and continue to preserve videos. Plaintiffs have failed to show that Defendants are non-complaint with the Court's order, nor have they shown they are prejudiced. Plaintiffs are not prejudiced because videos are being preserved.

Wherefore, Defendants respectfully request this Court deny Plaintiffs' bad faith Motion for Sanctions, and for any other relief the Court deems appropriate.

Respectfully submitted,

SHEENA HAMILTON,
CITY COUNSELOR

By:  /s/ Adriano Martinez 69214(MO)
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4651
Fax: 314-622-4956
martineza@stlouis-mo.gov
Attorney for Defendants