UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 4:21CV600 HEA |
| | ) |
| **CITY OF ST. LOUIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on a discovery dispute and Plaintiffs' Motions for Sanctions [Doc. No. 298]. In its Order dated February 27, 2023 [Doc. No. 276] the Court ordered the parties to meet and confer in good faith. The parties complied, and counsel met and seriously conferred in person pursuant to the Court's Order. The parties filed a joint status report that indicated they resolved most of their discovery disputes, but three issues remained. The Court ruled on two of those three issues in its May 5, 2023 Order, but needed additional information from the parties to rule on the remaining dispute regarding a protective order for use of force reports [Doc. No. 305]. The parties have each filed a response to the Court's Order. [Doc. Nos. 310 and 311].

Use of Force Reports

Plaintiffs acknowledge that Defendants have produced Use of Force Reports involving OC spray with the named parties. However, Plaintiffs argue that this production is incomplete because it does include the 2018-2022 time period or the reports involving non-parties. Defendants are in possession of approximately 1,200-2,100 reports related to the use of force, but not OC spray. Defendants agreed to produce those Reports that relate to OC spray only if Plaintiffs agreed to a protective order. Plaintiffs argue a protective order is not necessary and clarify in their response to the Court that some unredacted reports have already been provided in response to Sunshine requests. Defendants explained that the requested protective order is primarily related to personnel documents and testimony in depositions that relate to personnel matters in the reports.

This case has been pending for nearly two years. The initial Complaint was filed on May 24, 2021. The parties' recent good faith effort to resolve their remaining discovery disputes has been extremely helpful in moving this case forward, but the discovery stage of this case needs to come to an end. Therefore, the Court will grant in part and deny in part Defendants' request for a protective order at this time. The protective order will only encompass reports that have not been previously disclosed under a Sunshine request. However, to the extent the previously provided reports include required redacted items for court filings under the Federal Civil Rules of Procedure, namely the four digits of a Social Security or tax ID number, the year of an individual's birth, a minor's initials or the last four

digits of a financial account number, or under Missouri state law, those items should be included in the protective order. The parties will be given fourteen (14) days to file a joint proposed protective order to the Court that complies with this Order.

Sanctions

On April 26, 2023, Plaintiffs filed a Motion for Sanctions against Defendants as a penalty and remedy for Defendants' alleged failures to preserve vital video discovery for the pending litigation.

This issue has been before the Court more than once. After Plaintiffs filed their motion, on May 5, 2023, the Court ordered that its January 27, 2023 Order is sufficient, and denied Plaintiffs' request for additional documentation from Defendants regarding video preservation [Doc. No. 305].

Defendants responded in opposition, explaining they have been in communication with Plaintiffs to get the videos at issues and provided 90 videos on May 8, 2023. Given the Court's May 5, 2023 Order and Defendants' contentions that they are working with Plaintiffs to resolve this issue, Plaintiffs' Motion for Sanctions will be denied at this time for failure to comply with Local Rule 3.04.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' request for a protective order in **GRANTED IN PART** and **DENIED IN PART.**

3

**IT IS FURTHER ORDERED** that the protective order is **GRANTED** as to any reports that have not been previously disclosed under a Sunshine request.

**IT IS FURTHER ORDERED** that the protective order is **DENIED** as to any reports previously provided under a Sunshine Request, except to the extent those reports include required redacted items for court filings under the Federal Civil Rules of Procedure or Missouri state law.

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this Order, the parties shall file a joint proposed protective order that complies with this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions [298] is **DENIED** at this time for failure to comply with Local Rule 3.04.

Dated this 17th day of May, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE