# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DERRICK JONES, JEROME JONES DARNELL RUSAN, and MARREL WITHERS, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )     Case No. 4:21-cv-600 |
| CITY OF ST. LOUIS, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW, Defendants, by and through undersigned counsel, and for their Motion For Summary Judgment state as follows:

1. Regarding Plaintiff Derrick Jones' claims of excessive force against Lt. Richards and Lt. Fowlkes actions in applying pepper spray to Jones on December 14, 2020 were objectively reasonable. As such, Lt. Fowlkes and Lt. Richards are protected by the doctrine of qualified immunity and entitled to summary judgment regarding the allegations of Plaintiff Derrick Jones. *Kelsay v. Earnst* 933 F..3d 975, 979 (8th Cir. 2019); *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1155 (8th Cir. 2014); *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *White v. Pauly*, 137 S.Ct. 548, 551 (2017); *Hampton v. City of St. Louis*, 2022 WL 2643507 *2; *Graham v. Connor*, 490 U.S. 386 (1989); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Montoya v. City of Flandreau*, 669 F.3d 867, 871 (8th Cir. 2012); *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014); *Watkins v. City of St. Louis*, 2022 WL 4534947 (Mo. E.D. September 28, 2022).

2. Regarding Jerome Jones' claims of excessive force against Lt. Fowlkes, Lt. Fowlkes actions in applying pepper spray to Jones on February 9, 2021 were objectively reasonable. As

1

such, Lt. Fowlkes is protected by the doctrine of qualified immunity and entitled to summary judgment regarding the allegations of Plaintiff Jerome Jones. *Kelsay v. Earnst* 933 F..3d 975, 979 (8th Cir. 2019); *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1155 (8th Cir. 2014); *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *White v. Pauly*, 137 S.Ct. 548, 551 (2017); *Hampton v. City of St. Louis*, 2022 WL 2643507 *2; *Graham v. Connor*, 490 U.S. 386 (1989); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Montoya v. City of Flandreau*, 669 F.3d 867, 871 (8th Cir. 2012); *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014); *Watkins v. City of St. Louis*, 2022 WL 4534947 (Mo. E.D. September 28, 2022).

    3. Regarding Plaintiff Darnell Rusan's claims of excessive force against Lt. Turner and Lt. Fowlkes on December 19, 2020 and February 3, 2021 in connection with applying pepper spray were objectively reasonable. As such, Lt. Fowlkes and Lt. Turner are protected by the doctrine of qualified immunity and entitled to summary judgment regarding the allegations of Plaintiff Darnell Rusan. *Kelsay v. Earnst* 933 F..3d 975, 979 (8th Cir. 2019); *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1155 (8th Cir. 2014); *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *White v. Pauly*, 137 S.Ct. 548, 551 (2017); *Hampton v. City of St. Louis*, 2022 WL 2643507 *2; *Graham v. Connor*, 490 U.S. 386 (1989); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Montoya v. City of Flandreau*, 669 F.3d 867, 871 (8th Cir. 2012); *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014); *Watkins v. City of St. Louis*, 2022 WL 4534947 (Mo. E.D. September 28, 2022).

    4. Regarding Plaintiff Marrell Withers' claims of excessive force against Capt. Wills and Corrections Officer Doug Jones on January 6, 2022in connection with applying pepper spray were objectively reasonable. As such, Capt. Wills and Corrections Officer Doug Jones are protected by the doctrine of qualified immunity and entitled to summary judgment regarding the allegations of Plaintiff Marrell Withers. *Kelsay v. Earnst* 933 F..3d 975, 979 (8th Cir. 2019);

*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1155 (8th Cir. 2014); *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *White v. Pauly*, 137 S.Ct. 548, 551 (2017); *Hampton v. City of St. Louis*, 2022 WL 2643507 *2; *Graham v. Connor*, 490 U.S. 386 (1989); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Montoya v. City of Flandreau*, 669 F.3d 867, 871 (8th Cir. 2012); *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014); *Watkins v. City of St. Louis*, 2022 WL 4534947 (Mo. E.D. September 28, 2022).

5. The City of St. Louis is entitled to summary judgment with regard to Plaintiff's claims of municipal liability based on the *Monell* case as Plaintiffs cannot prove that there were persistent and widespread unconstitutional practices which became so permanent and well settled as to have the effect and force of law. *Jane Doe "A" v. Special School Dist.*, 901 F.2d 642, 646 (8th Cir. 1990); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) citing *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003); *Leonard v. St. Charles County*, 570 F.Supp.3d 707, 719 (Mo. E.D. 2021).

6. The City of St. Louis is entitled to summary judgment with regard to Plaintiff's claims of violation of the Americans With Disabilities Act (hereinafter "ADA"), 42 U.S.C.A § 12132 as the application of pepper spray does not constitute a service, program, or activity under the Act and the use of pepper spray in the way used by the City of St. Louis is rationally related to a legitimate penological purpose. *Baribeau v. City of Minneapolis*, 578 F. Supp.2d 1201 (8th Cir.2008).

7. Lt. Fowlkes is entitled to summary judgment as Plaintiffs cannot meet their burden of proving that Lt. Fowlkes intentionally deprived anyone of water as punishment as their allegations are vague and conclusory. Plaintiff will not be able to meet their burden of proof that

if water ever was shut off to any particular Plaintiff that it was not done for some other purpose such as maintenance or repair or some legitimate penological purpose such as preventing a detainee from intentionally flooding an area by stopping up a toilet or sink or by breaking a sprinkler head. Lt. Fowlkes is protected by qualified immunity for anything less than actual, intentional conduct for the purpose of punishing Plaintiffs for the reasons previously stated regarding qualified immunity in the context of allegations of excessive force relative to pepper spray.

8. The City of St. Louis is entitled to summary judgment regarding Plaintiffs' claims in connection with the shutting off of water based on a theory of municipal liability under the Monell case. Plaintiffs will be unable to meet their burden of proof as their allegations are vague and conclusory and for the same reasons as previously stated in relation to excessive force relative to pepper spray.

WHEREFORE for the foregoing reasons Defendants pray this Court grant their Motion For Summary Judgment as to all Defendants and as to all Plaintiffs' allegations.

Respectfully submitted,

SHEENA HAMILTON,
CITY COUNSELOR

By: /s/ Lawrence L. Pratt #41324
Assistant City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-641-8317
Fax: 314-622-4956
PrattL@stlouis-mo.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2023 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Lawrence Pratt