UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK JONES, JEROME JONES, MARRELL WITHERS, and DARNELL RUSAN, </br></br>     Plaintiffs, </br></br> v. </br></br> CITY OF ST. LOUIS *et al.*, </br></br>     Defendants. | ) ) ) ) ) Cause No. 4:21-cv-600 ) ) ) ) ) ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER**

COME NOW Defendants, by and through counsel, and for their Memorandum in Support of Their Second Motion for Protective Order state as follows:

**ANALYSIS**

Rule 26(c)(1) Fed. R. Civ. Pro. states:

> **In General**. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has a good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

\*\*\*

1

>  (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

Rule 26(c)(F) Fed. R. Civ. Pro.

"It is beyond question that a court may issue orders prohibiting disclosure of documents or information." *FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (C.A.2 1982), *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598. (1978).

Further, the Court has the authority to enter a protective order tailored to the specific requirements of this case such as Doc. No. 272-5. The court in *Pochat v. State Farm Mut. Auto. Ins. Co.,* 2008 WL *5192427* (D.C. W.D. S. Dak. December 11, 2008) held:

> Once the court determines that the discovery policies require that the materials be disclosed, the issue become whether they "should "be disclosed only in a designated way," as authorized by the last clause of Rule 26(c)(7) … Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection… and the importance of disclosure to the public. Courts also have a great deal of flexibility in crafting the contents of protective orders to minimize the negative consequences of disclosure and serve the public interest simultaneously.
>
> The balancing test requires courts to consider a variety of factors to determine if a protective order is appropriate. . These factors, discussed below, "are unavoidable vague and are not exhaustive" so as to provide courts with "the flexibility needed to justly and properly" resolve discovery disputes. [internal citations omitted].

*Id.* at *4.

In the instant case, Plaintiffs served multiple, voluminous discovery requesting confidential information relative to Defendants' personnel files which contain information regarding home addresses, non-party family members, contact information, medical histories and disciplinary histories. An example of Plaintiffs' discovery requests are Doc. #s 272-1 and 272-2, Plaintiffs' Third Request For Production Of Documents and, Plaintiffs' Fourth Requests For Production Of Documents.

As further example, Plaintiffs also asked for documents such as Use of Force Reports which may contain photographs of detainees in CJC uniform, detainee medical histories, intake information which includes non-party family identification and contact information, as well as pending criminal charges and confidential investigatory information regarding a detainee's potential gang affiliations and alleged criminal relationships. This later information is particularly sensitive as it relates to ongoing investigatory activities of law enforcement. Doc. #s 272-1 and 272-2.

Plaintiffs also have asked for documents involving policies and procedures regarding the day to day operation of the St. Louis City Justice Center (hereinafter "CJC") that impact security of the CJC, its employees and detainees. Doc. #s 272-1 and 272-2.

In *Harper v. Unum Group*, 2016 WL 4508238 (D.C. W.D. Ark, August 29, 2016) the court recognized the rights of employees to privacy with regard to their personnel files. In support of this holding, the court quoted with approval *Skelley v. Trustees of Fessenden Sch.*, 1994 WL 928172 at *8 (Mass. Super.  May 2, 1994) saying: "Because there is a high expectation of privacy in a personnel file, the release of information from a personnel file is also a substantial interference with the right to privacy. …" See also *King v. Conti Electric, Inc.,* 2006 WL 8461305 (D.C. E.D. Mo. April 27, 2006).

In *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1381651 *1 the court held that: "There is a strong public policy against the public disclosure of personnel files, but discovery of personnel files is permitted when there is a protective order or confidentiality order in place."

§ 610.105 R.S.Mo. 2006 not only establishes privacy rights for individuals regarding those individual's arrest, nolle prossed or dismissed charge, or charges upon which the individual

is found not guilty or the imposition of a sentence is suspended, but § 610.115 R.S.Mo. 1984 makes it a Class A Misdemeanor for someone to knowingly release such information. Likewise of note, § 552(a)(j)(2) of the Privacy Act provides that files of federal inmates are except from disclosure as well. 5 U.S.C. § 552(a)(j)(2) (1982 & Supp. II 1984). Most individual detainees are held pending disposition of current criminal charges, thus making them subject to § 610.100 et seq. R.S.Mo.

Further, HIPPA prohibits disclosure of medical information of anyone to third-parties unless a protective order is in place. Pub. L. No 104-191, 110 Stat. 1936. See 45 C.F.R. § 164.512(e)(v)(A). See *Gore v. Communications Supply Corporation*, 2020 WL 12788156 (D.C. W.D. Ark. November 19, 2020) recognizing same.

As the court in *Pochat v. State Farm Mut. Auto. Ins. Co.,* at *4 2008 WL 5192427 held:

> One interest which should be recognized in the balancing process is an interest in privacy. It is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection.

*Id.* at *4.

In the instant case, Plaintiffs have a demonstrated propensity to violate the privacy rights of Defendants and non-parties. On October 12, 2022 Adrian Barnes, the former Superintendent of the CJC , was required to discuss intimate details of his disciplinary record in connection with the CJC. Doc. #272-3, Deposition of Adrian Barnes, October 12, 2022.  Afterwards, Plaintiffs' counsels provided a copy of the deposition transcript to Taylor Tiamoyo Harris, a reporter with the St. Louis Post-dispatch. On February 8, 2023, Ms. Harris wrote an article regarding Mr. Barnes and quoting extensively from his deposition transcript. Doc. # 272-4.

Most recently, Plaintiffs have taken video of detainees and CJC staff and approximately 250 Use Of Force Reports containing confidential and privileged biographical information about

4

CJC staff and detainees and disseminated them to the public through multiple Twitter feeds. See Exh. G.

Plaintiffs and their counsels clearly intend to disregard the privacy and confidentiality rights of individuals and the safety and security of CJC staff and detainees in an attempt to adjudicate this matter in the court of public opinion. As such, Plaintiffs' discretion alone cannot be relied upon going forward.

As discussed above, Defendants produced voluminous information in this case, much of which is private and of a sensitive nature. Also for the reasons stated above Defendants have illustrated good cause for this Court to enter an Order of Protection as outlined in Exh. H.

Defendants have made a good faith attempt to obtain Plaintiffs' consent to this motion and the entry of Exh. H. However, Plaintiffs are unwilling to consent to this order and their response of February 22, 2023 appears not to be in good faith, given their prior conduct referenced above. Doc. No. 272-4 and Exh. G.

## CONCLUSION

Defendants pray this honorable Court enter Exh. H or some other protective order the Court deems appropriate in the circumstance.

Respectfully submitted,

SHEENA HAMILTON
CITY COUNSELOR

*/s/ Lawrence Pratt*
Lawrence Pratt, MO 41324
Associate City Counselor
PrattL@stlouis-mo.gov
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-641-8317
Fax 314-622-4956

5

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on July 31, 2023, with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Lawrence Pratt