UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DERRICK JONES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:21CV600 HEA |
| ) | |
| **CITY OF ST. LOUIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion Pursuant to Fed.R.Civ.P. 23(c)(1)(C) Proposing Narrower Class Definitions and Renewing Motion for Class Certification [Doc. No. 286]. Defendants oppose the motion. Upon careful consideration of the parties' briefs, evidence, and arguments presented at the hearing on March 28, 2024, for the reasons set forth below, Plaintiffs' Motion will be denied.

The facts and background are set forth in the Court's Opinion dated March 13, 2023:

> On May 24, 2021, Plaintiffs Derrick Jones, Jerome Jones, and Darnell Rusan initiated this 42 U.S.C. § 1983 action against the City of St. Louis and certain employees of the St. Louis City Justice Center ("CJC"). On June 10, 2022, Plaintiffs filed a Third Amended Complaint ("Complaint"), which alleges the following 42 U.S.C. § 1983 claims against the individual defendants in violation of the Fourteenth Amendment: Defendants Sherry Richard and Javan Fowlkes for spraying Plaintiff Derrick Jones with an

excessive amount of mace (Count I); Defendant Fowlkes for spraying Plaintiff Jerome Jones with an excessive amount of mace (Count II); Defendants Aihsa Turner, Direll Alexander, Bruce Borders and Fowlkes for spraying Plaintiff Darnell Rusan with an excessive amount of mace (Count III); Defendants Freddie Willis and Douglas Jones for spraying Plaintiff Marrell Withers with an excessive amount of mace (Count IV); and Defendants Fowlkes and John Doe for conditions of confinement amounting to punishment by shutting off water to Plaintiffs Derrick Jones and Jerome Jones cells (Count IX). The *Monell* Claims are alleged in Count VI (Excessive Force/Mace) and Count X (Conditions of Confinement/Water Deprivation) against Defendant City of St. Louis. Plaintiffs (Withers and Rusan) also made a claim for damages for violation of the Americans with Disabilities Act (ADA) (Count VIII).

The remaining counts, and most relevant for purposes here, are Class Action claims against Defendant City of St. Louis for violations of § 1983 (Counts V and XI) and the ADA (Count VII).

In the Opinion, the Court denied Plaintiffs' Motion for Class Certification, finding the element of commonality was not met. Even with the proposed "narrowed" classes, Plaintiffs cannot meet the commonality requirement.

**Legal Standard**

Rule 23(a)

To be certified as a class, Plaintiffs must meet all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Under Rule 23(a), a party seeking class certification must demonstrate: (1) the class is so numerous joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

2

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 360 (2011) (moving party must "affirmatively demonstrate his compliance with the Rule").

Rule 23(b)

The party seeking certification also must show one of the subsections in Rule 23(b) is met. *In re St. Jude Medical, Inc.,* 425 F.3d 1116, 1118 (8th Cir. 2005). "The movant must, among other things, satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Hudock v. LG Electronics*, 12 F.4th 773, 775–76 (8th Cir. 2021) (internal citation omitted).

Certification under Rule 23(b)(1) may be maintained if prosecuting separate actions would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the opposing class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)

Rule 23(b)(1) classes are "mandatory," such that class members are not permitted to opt out and the court is not even required to provide class members notice of the action. See *Dukes*, 564 U.S. at 363. As such, class actions

predominantly for individual monetary damages are not appropriate for certification under Rule 23(b)(1); the "absence of notice and opt out violates due process" in such cases. *Id.*, citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

"Rule 23(b)(2) provides that a class action may be maintained if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Ahmad v. City of St. Louis*, 995 F.3d 635, 643 (8th Cir. 2021). Because Rule 23(b)(2) classes seek only prospective relief, the notice requirements and preclusive effects of damages class actions are avoided. *See Dukes*, 564 U.S. at 362 ("The Rule provides no opportunity for ... (b)(2) class members to opt out and does not even oblige the District Court to afford them notice of the action."). Rule 23(b)(2) class certification may be proper when the primary relief sought is declaratory or injunctive. *See Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1035 (8th Cir. 2010). Because unnamed class members are bound without an opportunity to opt out, a Rule 23(b)(2) class requires even greater cohesiveness than a Rule 23(b)(3) class seeking damages:

> Injuries remedied through (b)(2) actions are really group, as opposed to individual injuries. The members of a (b)(2) class are generally bound together through preexisting or continuing legal relationships or by some significant common trait such as race or gender.

4

*St. Jude*, 425 F.3d at 1122 (quotation omitted).

Thus, when named plaintiffs attempt "'to aggregate a plethora of discrete claims ... into one super-claim'" against a government agency, without demonstrating "that the class members have been harmed in essentially the same way," the proposed Rule 23(b)(2) class is deficient. *M.D. ex. rel. Stukenberg v. Perry*, 675 F.3d 832, 848 (5th Cir. 2012) (cleaned up). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment." *Dukes*, 564 U.S. at 360. When liability does not apply uniformly to the entire class, the relief sought becomes highly individualized, and "the cohesiveness necessary to proceed as a class under [Rule 23](b)(2) is lacking." *Ebert v. General Mills, Inc.*, 823 F.3d 472, 480 (8th Cir. 2016).

Certification

"District courts must engage in a 'rigorous analysis' to determine whether the requirements of Rule 23 have been satisfied." *Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1036 (8th Cir. 2018), quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). "Plaintiffs carry the burden of showing that they have met those requirements." *Id.*, citing *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013).

5

"[A] decision to certify a class is far from a conclusive judgment on the merits of the case." *Id.* at 1037, quoting *In re Zurn Pex Plumbing Prod. Liab. Litig.,* 644 F.3d 604, 613 (8th Cir. 2011). "For that reason, 'Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.'" *Id.*, quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*, quoting *Amgen Inc.,* 568 U.S. at 466. Thus, in addressing a motion for class certification, the Court's "primary task is not to determine the final disposition of a plaintiff's claims, but instead to examine whether those claims are appropriate for class resolution." *Id.*, citing *In re Zurn Pex Plumbing Prod. Liab. Litig*., 644 F.3d at 613.

District courts have broad discretion to determine whether to certify a class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 630 (1997) ("The law gives broad leeway to district courts in making class certification decisions"); *Gilbert v. City of Little Rock, Ark*., 722 F.2d 1390, 1399 (8th Cir. 1983) ("A district court has broad discretion in determining whether to certify a class, and its determination will not be overturned absent a showing that it abused its discretion."); *In re Zurn Pex Plumbing Prod. Liab. Litig., 644* F.3d at 616 ("We ordinarily afford the district court "broad discretion in determining whether to certify a class…").

6

**Discussion**

Defendants argue Plaintiffs' Renewed Motion for Class Certification should be denied because Plaintiffs again cannot satisfy all of the requirements for certification under Rule 23(a).

Defendants argue Plaintiffs cannot prove commonality because members of Plaintiffs' narrower class definitions still have different claims and injuries, all involving critically different circumstances, and all of which necessitate separate, individualized inquiries and adjudication.

Rule 23(a)(2) requires that the members of a class be united by a common question of law or fact. Commonality does not have to exist for every question raised in a class action, but a common question linking class members substantially related to the resolution of the litigation must be present. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Commonality requires a showing that class members have suffered the *same* injury and that a class action has the capacity to generate common answers to resolve the litigation. *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 571 (8th Cir. 2015).

Here, Plaintiffs have not demonstrated the proposed narrower classes present common issues capable of classwide resolution. Plaintiffs challenge a "systemic practice of using OC spray against individuals detained at the jail, including those with [Serious Mental Illnesses] and with specific medical conditions. The evidence

now borne out by discovery in this matter demonstrates that officers do not evaluate and do not accommodate mental or physical health conditions in their use of OC spray."

Plaintiffs' claims present individual instances of alleged excessive force or conditions-of-confinement violations, not classwide issues capable of common resolution. Plaintiffs again make sweeping conclusions regarding members with serious mental illnesses and disabilities rendering them susceptible to harm from chemical agents. The subclass is also too broad and cannot be resolved by a single classwide answer.

As Defendants correctly argue, the Supreme Court's holding in *Dukes* is instructive in demonstrating the overbreadth of Plaintiffs' proposed narrower classes. *Dukes*, 564 U.S. at 338.

The Supreme Court stated, "The crux of this case is commonality—the rule requiring a plaintiff to show that 'there are questions of law or fact common to the class.'" *Id.* at 349 (citing Fed. R. Civ. P. 23(a)(2)). The Court noted that the rule "is easy to misread, since *'[a]ny competently crafted class complaint literally raises common 'questions.'"* *Id*. at 349 (emphasis added). "Reciting [common] questions is not sufficient to obtain class certification. Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury[.]" *Id.* at 349-50

8

(internal quotation omitted). "Their claims must depend upon a common contention...." *Id*. at 350. The Court continued:

> What matters to class certification ... is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. *Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.*

*Id.* (emphasis added).

Plaintiffs claim their narrower classes satisfy the commonality requirement. They argue that the injunctive relief of requiring Defendants to consider and accommodate persons with serious mental illness before the use of OC spray resolves the constitutional violations alleged. Regarding the ADA class, Plaintiffs urge that requiring Defendants to consult with qualified medical professional prior to planned OC spray can resolve the constitutional violations claimed in the Third Amended Complaint.

While Plaintiffs argue *Postawko* supports their position, the class there was based on a single disease and a single policy of non-treatment for that disease. Plaintiffs here again seek to certify a much broader class (albeit narrower than originally sought) whose members have different illnesses and disabilities, in different situations at different times under different circumstances; each that will have to be addressed by the facts of their different situation and different time under different circumstance allegations.

9

## Conclusion

Based upon the foregoing analysis, and for the reasons set forth in the original Opinion denying class certification, the Court finds Plaintiffs fail to satisfy Rule 23(a)(2) regarding commonality and have not demonstrated the narrower proposed classes present common issues capable of classwide resolution. Therefore, Plaintiffs' Motion to Certify Class will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion Pursuant to Fed.R.Civ.P. 23(c)(1)(C) Proposing Narrower Class Definitions and Renewing Motion for Class Certification [Doc. No. 286], is **DENIED**.

Dated this 30th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE